## HARVEY & BOYD

### *v.*

## THE PRESIDENT AND BOARD OF TRUSTEES OF THE TOWN OF OLNEY.

1. COMPULSORY PAYMENT—*what constitutes.* A payment, made under protest to the officers of a town, to avoid prosecution and fine under an invalid ordinance, is an involuntary payment, and an action will lie against the town for the sum paid and interest.

2. It is no defense to such an action for a town to plead the illegality of its own ordinance; and it is sufficient, if it appear, that the money was paid to avoid fine and imprisonment, and under circumstances sufficient to induce the belief that the provisions of the ordinance would be enforced.

3. It seems, that the mere invalidity of an ordinance would not, of itself, constitute a sufficient ground for the recovery of money voluntarily paid under it.

APPEAL from the Circuit Court of Richland county; the Hon. AARON SHAW, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. SILAS L. BRYAN, for the appellants.

Messrs. BOWMAN & CALLAHAN, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit, brought by the appellants against the president and trustees of the town of Olney, to recover back the sum of $600, which the plaintiffs paid to the town, as they allege, under compulsion. It appears, that, on the 27th of March, 1865, the town passed an ordinance, requiring any person exercising the business of a substitute broker or recruiting agent in said town, to pay to the treasurer of the corporation the sum of $600, on the payment of which sum a license was to issue authorizing the person paying the same to carry on said business for the term of three months. The ordinance further provided, that any person engaged in said business without a license should be fined $100 and be imprisoned one hundred days for each day in which he should prosecute said business. After the passage of the ordinance, the appellants, who seem to have been engaged in the business thus sought to be prohibited, called on the treasurer and paid the $600 under protest, stating at the same time that they would bring suit to recover back the money. The treasurer gave his official certificate of the payment of the money, upon which the town clerk issued a license.

It is not claimed by the counsel for the appellee, that the town of Olney had any power to enact this very extraordinary ordinance, but, it is insisted, that the ordinance being void, the payment under it must be considered as voluntary, and therefore not to be recovered back. If the payment was really voluntary, the mere invalidity of the ordinance would probably form no ground of recovery, and this question should have been left by the court to the jury. The court instructed for the plaintiffs as follows:

" That if you believe, from all the proof and circumstances before you, that the plaintiffs, at the time of paying the $600

22 — 42D ILL.

in question, were bound to do so or suffer prosecution from the defendants, and that at the time of paying the same they did so unwillingly and under protest, and that under such protest the defendants received the $600, the plaintiffs have in this action a right to recover back the sum, with six per cent interest."

This instruction gave the law very fairly to the jury, but its effect was substantially destroyed by those given for the defendants, which were as follows:

" 1. If you believe, from the weight of evidence, that the money was paid by the plaintiffs to Hayward, treasurer of the town of Olney, incorporated by the name of 'the president and trustees of the town of Olney,' before any ordinance in regard to license spoken of had been posted ten days, then the payment was not a payment to said corporation; the treasurer of the corporation could not, by receiving the money, make the corporation liable for money so received by him.

" 2. The corporation cannot be held liable in law for any money paid to the treasurer of the corporation, unless the same was due said corporation under some ordinance passed and in force at or before the time of payment."

" 4. The court instructs the jury that the president and trustees of Olney had authority to pass the ordinance in question."

The first of these instructions was wrong, because if the money was illegally extorted from the appellants by threats of prosecution, or under circumstances which justified them in believing that their only mode of escaping prosecution was by the payment of the money, and they paid it under protest, and with notice that they would bring suit to recover it, and if the town treasurer received it under these circumstances in his official capacity, and acting under said ordinance, then the payment to him was a payment to the corporation, and it was wholly immaterial whether the ordinance had been posted ten days or not.

The second instruction was equally objectionable. The

question is, not, as therein stated, whether the money was due the corporation under an ordinance in force at the time of payment, but whether the town, through its officers, had compelled the payment of this money by leading the appellants to believe, that, if not paid, they would be visited with fine and imprisonment. The ordinance, being beyond the power of the town to pass, was never in force, and posting it for ten days would not have brought it into force; but, if the town used the ordinance as a means of extorting money, it cannot be permitted to raise the question as to whether it had taken effect. It would be a reproach to our law, if these municipal corporations should be permitted to assume the right to pass ordinances threatening persons with heavy fines, and a long imprisonment for carrying on a lawful business, and, after extorting a large sum of money for a pretended license by threats of prosecution, be allowed to come into court and resist re-payment by saying, " Although we did this thing, we had no right to do it, and the ordinance that we pretended was a law was really no law, and these persons should have known better than to have paid us the money." It is only necessary to say, that the town cannot be permitted to defend its wrong by this species of self-stultification. A person to whom a town offers the alternative of paying for a license, or undergoing a prosecution before the police magistrate. which would result in fine and imprisonment, if the ordinance under which the city acts should be held valid, may certainly pay his money under protest, without losing his rights, and cannot be required to incur the hazard of the magistrate's decision upon the validity of the ordinance, and possibly be driven to a writ of *habeas corpus*, to relieve himself from imprisonment. Such payment would not be voluntary.

As to the last instruction, it is conceded by the counsel for the town not to be the law. He insists, however, that it could not have misled the jury, but we think otherwise. We do not understand where the trustees of the town of Olney supposed they obtained the power to pass this ordinance. There is nothing in the general law which could be supposed to give it, and we have been referred to no special act.

We remark in conclusion, that we do not express any opinion on the question as to whether this was a voluntary or compulsory payment. That question is for the jury, and we reverse the judgment because it was not fairly left to them by the instructions. If the money was paid by the appellants under threats of prosecution, or under a belief, induced by the officers of the town, that only by payment could they escape prosecution, and was paid by them under protest, then such payment can in no just sense be called voluntary. *County of La Salle* v. *Simmons*, 5 Gilm. 515. Such a state of facts would make this case very unlike the case of *Robinson* v. *The City of Charleston*, 2 Rich. 317, cited by counsel for appellees, and the case of *Elston* v. *The City of Chicago*, 40 Ill. 514, in both of which the payment was purely voluntary. The judgment is reversed, and the cause remanded.

*Judgment reversed.*