[No. 5549.]

## JAMES DE FREMERY et al. v. ALEX. AUSTIN, Tax Collector.

Coercion in Collection of Taxes.—A threat by the Tax Collector to seize and sell property, by virtue of a delinquent list, to satisfy an illegal tax, amounts in law to coercion.

Illegal Item in Tax Levy.—If the tax levy contains an illegal item, such item will not invalidate the levy as to other items, if the levy is so made that the illegal item may be separated from the other items of the levy.

Insufficient Tax Protest.—In case of a payment of the whole tax a protest is not sufficient, unless it specifies such illegal item among the grounds of illegality of the tax.

Appeal from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

Action brought to recover money paid for taxes under protest. The protest referred to in the opinion as insufficient is as follows:

"San Francisco, February 25th, 1873.

"To Alexander Austin, Esq., Tax Collector of the City and County of San Francisco, State of California—Sir: We

· herewith pay to you the sum of $421$\frac{56}{100}$, to wit: $401.01 claimed by you to be due from us for taxes on personal property alleged to have been assessed against us for the fiscal year 1872–1873, in said City and County, which alleged assessment appears on sub. 7, page 410, vol. 1, of the so-called assessment roll of said City and County for said year; also, $20$\frac{05}{100}$, being five per centum in addition thereto; also, $\frac{50}{100}$ in addition thereto; and we notify you that we make such payment under protest, and only in consequence of your repeated threats to enforce the payment thereof by seizing and selling our property, and that we will claim and demand the repayment thereof from you, with interest. We deny and protest against the alleged assessment and the legality thereof; and we also deny and protest against your right, as such Tax Collector or otherwise, to claim, demand, or receive said money, or any part of it.

" Yours, etc.,

" James De Fremery & Co."

Plaintiffs had judgment and defendant appealed. The other facts appear in the opinion.

*W. C. Burnett,* for Appellant, cited *Williams* v. *Corcoran,* 46 Cal. 553; *Houghton* v. *Austin,* 47 Cal. 646; *Bucknall* v. *Story,* 46 Cal. 589; *Bank of Mendocino* v. *Chalfant,* 51 Cal. 369; *Mason* v. *Johnson,* 51 Cal. 612; *Meeks* v. *McClure,* 49 Cal. 623.

*Campbell, Fox & Campbell,* and *W. H. Patterson,* for Respondents.

It is believed by the respondents that the case of *The People* v. *Hibernia Bank,* 51 Cal. 243, settled (so long as the present Constitution of California shall remain in force) that solvent debts, in whatever form they shall assume, or by what name called, are not the subject of taxation.

This lumping assessment was void

Defendant received the money to which he had no right, and should return it with interest. (Chitty on Contracts, 672, and following subd. 11, 13; 9 Cal. 417; 16 Cal. 170.)

At the time this alleged tax became delinquent, the *People* v. *Hibernia Bank* had not been decided, and apparently the same could have been enforced by levy upon and seizure of the personal property of the taxed person, and it was also made a lien upon his real estate. The practical result was that transactions in real estate by sale, mortgage, etc., were wholly suspended; virtually the Tax Collector, armed with the apparent power conferred upon him, was in the condition of the armed highwayman, who could with impunity demand that the unfortunate property owner should stand and deliver, or resort to the only remedy left, (a poor one at the best) pay under protest, and resort to his action.

In these cases the protest and the reasons therefor were well understood by defendant.

It was sufficient that respondent claimed that the alleged tax was illegal.

By the COURT:

The tax in this case was paid on the 25th day of February, 1873, after the delinquent list had been issued to the Tax Collector giving him authority to seize and sell property, and therefore the case does not come within the doctrine of *Williams* v. *Corcoran*, 46 Cal. 553.

The tax upon the item of solvent debts, twenty-five thousand dollars, is illegal. The State tax upon the other items is also illegal, upon the grounds stated in *Wills* v. *Austin*, *ante*, p. 152. The tax for City and County purposes upon the last mentioned items is, to some extent, valid. If it be conceded that certain items of the tax levy made by the Board of Supervisors—as, for instance, for the Sinking Fund bonds of 1855, or the Sinking Fund bonds of 1858—are invalid, their invalidity does not effect the levy for other items, such as that for the General Fund or the School Fund. The whole amount levied is apportioned to the several funds mentioned in the order fixing the rate of taxation for City and County purposes—a specified amount being apportioned to each fund—and the tax charged against the property for any one of those funds—as, for in-

stance, one and eight-hundredths cents upon each one hundred dollars, for the Sinking Fund bonds of 1855—may readily be separated from the entire levy of one dollar upon each one hundred dollars, and would not invalidate the levy for the General Fund, or any other fund.

The protest in this case does not specify any grounds of illegality of the taxes. It was not necessary for the plaintiffs to specify the illegality of the tax upon the solvent debts, or of the State tax upon the other property, for the Tax Collector is chargeable with notice of their illegality; but if they desired to recover back any portion of the tax on the ground that the levy for certain of the funds specified in the order of the Board levying the City and County tax was illegal, they should have specified the grounds of the alleged illegality of the tax, for there is nothing in the case showing that the Tax Collector was chargeable with notice of the alleged illegality. (*Meek* v. *McClure*, 49 Cal. 628.) The plaintiffs for that reason were not entitled to recover back the money paid for City and County taxes on the property other than the solvent debt.

Judgment and order reversed, and cause remanded for a new trial, unless the plaintiffs shall within twenty days remit the amount of the recovery for the City and County taxes paid upon the property other than the solvent debts; but if such amount shall be so remitted, then the judgment and order shall be affirmed as of the day of the submission of the cause.

Mr. Chief Justice WALLACE did not express any opinion in this case.