# City of Chicago v. Ernst Klinkert.

1. TAXES—*Recovery of Money Paid as.*—Money paid as taxes or license fees under a void law or ordinance may be recovered back when the payment is involuntarily made, but not when the payment is voluntary.

2. SAME—*What is an Involuntary Payment.*—The compulsion which will render a payment of taxes involuntary must, in general, consist of some action or threatened exercise of power possessed or believed to be possessed by the party exacting or receiving the payment over the person or property of the other and from which he has no reasonable means of immediate relief except by making payment.

3. PRACTICE—*Recovery of Money Paid as Illegal Taxes.*—A recovery of money paid as illegal taxes or license fees may be had under the common counts as for money had and received.

**Assumpsit**, for money paid as illegal taxes. Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 22, 1901.

**Statement.**—Appellee brought this suit in assumpsit to recover amounts paid for brewery licenses under an ordinance which was invalid. The declaration consisted of the common counts. It was conceded that the payments were made by appellee to appellant, and that the ordinance under provision of which they were paid was invalid; but it was contended that the payments were voluntary and hence could not be recovered back.

Appellee's business was represented in Chicago by an agent. The agent testified that the several payments were made under protest and because a police officer came to appellee's place of business and inquired if he had a license, and upon answer that appellee required none, the officer had directed the agent to go to the city hall and see Mr. Maus, the city collector, and Mr. Maus then told him that appellee would have to pay a license, and threatened that if this were not done they would be arrested. He testified that upon another occasion Mr. Senff, assistant city collector, threatened him with arrest unless the license fee was paid. When asked if he paid the amounts voluntarily, the

agent testified that he made the payments " on account of the policeman's coming down there and threatening to arrest me."

Mr. Senff, the assistant city collector, corroborated the testimony of the agent of appellee.

The appellant introduced no evidence upon the trial.

The trial resulted in verdict and judgment for appellee.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM HOWARD FITZGERALD, Assistant Corporation Counsel, attorneys for appellant.

C. A. FITCH, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It is conceded by counsel for appellant that by the decision in Kiel v. The City of Chicago, 176 Ill. 137, the ordinance under provision of which the payments here in question were made was subsequently declared invalid as applied to persons dealing as appellee dealt.

It is well established that moneys paid as taxes or license fees under a void ordinance may be recovered back when the payment has been involuntary. County v. Simmons, 5 Gil. 513; Bradford v. City, 25 Ill. 411; Harvey v. Olney, 42 Ill. 336; City v. Sperbeck, 69 Ill. App. 562; 2 Dillon on Municipal Corporations (4th Ed.), Sec. 943, *et seq.;* Morgan v. Palmer, 2 Barn. & Cress. 729; Henry v. Chester, 15 Vt. 460; Galveston v. Sydnor, 39 Tex. 236; Westlake v. St. Louis, 77 Mo. 47; Ætna Co. v. Mayor, 153 N. Y. 331; Neuman v. La Crosse, 94 Wis. 103; Bruner v. City, 100 Ky. 567; U. S. v. Lawson, 101 U. S. 164; U. S. v. Elsworth, Id. 170; Swift v. U. S., 111 U. S. 22.

And such recovery may be had under the common counts as for money had and received. Bradford v. City, *supra.*

But if the payment be voluntarily made it can not be recovered back. Brisbane v. Dacres, 5 Taunt. 143; Richmond v. Judah, 5 Leigh, 305; Jackson v. Newman, 59 Miss. 385; Town v. Burnett, 34 Ala. 400; Town v. Ackerman, 46 Ind. 552; Emery v. Lowell, 127 Mass. 138.

The difficulty in the application of the rule arises, only upon the distinction between voluntary and involuntary payments.

It is contended by the learned counsel for appellant that the payments here in question were voluntary and hence can not be recovered back. The recovery by appellee is based upon a finding in effect, by the general verdict under the instructions of the court, that the payments were involuntary.

The decisions above cited announce with varying degrees of strictness what is in contemplation of the law a voluntary payment. The extremes are presented by the Massachusetts court holding in Emery v. Lowell, *supra*, that even though the payer could obtain no license unless the illegally demanded fee were paid, yet the payment was voluntary, and the Vermont court holding in Henry v. Chester, *supra*, that the very illegality of the demand affords ground for a recovery. The Wisconsin court in Neuman v. LaCrosse, *supra*, holds that a threatened arrest by a police officer, who may be presumed to have a warrant therefor, is sufficient to render a payment of a license fee involuntary. The tendency of the later decisions is to make the fact that the payment is wrongfully exacted and because in equity and good conscience it ought to be repaid, ground for holding liberally in favor of the payer. The fact, too, that the municipality in exacting and the citizen in paying are not upon equal vantage ground, is made the basis of decision in several of the cases cited, as, for instance, Swift v. U. S., *supra*.

Judge Dillon has stated the rule as to what degree of compulsion is required to make a payment of a tax involuntary, as follows:

" The compulsion or duress which will render a payment of taxes involuntary must in general consist of some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment over the person or property of another, from which the latter has no means or reasonable means of immediate relief except by making payment." ' 2 Dillon on Municipal Corporations (4th Ed.), Section 943.

City of Chicago v. Klinkert.

Cases are cited by counsel for appellant which hold that to make a payment involuntary the duress must amount to an actual attack upon person or property, and that although arrest is threatened by an officer of the law, yet until the arrest is actually made or warrant therefor issued, a payment is to be considered as voluntary.

Some confusion has, perhaps, arisen from the application of decisions in cases arising upon private contracts to the very different facts of payments of license fees or taxes illegally demanded. There would seem to be a clear distinction between the case of a contract between parties, where there is a consideration moving on each side, and it is sought to set aside the contract on the ground of duress, and the case of the payment of a tax or license fee to a municipality under the demand of a void ordinance. In the former case a more stringent rule as to the extent of the duress might well be invoked. We are, therefore, disposed to be guided here by decisions in cases which have arisen upon payments under void ordinances, rather than by the announcements in cases upon contracts.

In County v. Simmons, *supra*, our Supreme Court held that where county commissioners had demanded of a licensee an unlawful amount for license as a prerequisite to continuing his business, and he had paid it, he could recover back. The basis of their determination was that "the illegal conduct of the commissioners put the plaintiff in their power."

In Bradford v. City, *supra*, the court held that a payment of a special assessment was involuntary, as being under actual duress, where the collector had a warrant by which he might levy and sell, although it would seem from the opinion that the evidence did not disclose that the warrant was shown with a threat of levy. The court said : "It is fair to presume that the warrant was exhibited to him by the collector." The decision in that case is, however, also put upon another ground, viz., a failure of the consideration for which the money was paid, the improvement for the making of which the amount was levied having failed.

In Elston v. City, *supra*, the court held a payment of an assessment to have been voluntary, saying:

"When this money was paid there was no precept or execution by which its collection could have been enforced, so that there was no legal compulsion, and the payment was made voluntarily and for a purpose set on foot, in part, by appellants, and by which their property was to be, and has been, greatly benefited."

In Harvey v. Olney, *supra*, the facts were that the plaintiffs paid a fee for a broker's license, required by an ordinance of the town, and upon making the payment protested against it and declared that they would bring suit to recover the amount paid. The ordinance was invalid. In the suit to recover back the fee paid, the plaintiffs recovered and the Supreme Court reversed the judgment because of certain instructions. The court said:

"The ordinance being beyond the power of the town to pass, was never in force, and posting it for ten days would not have brought it into force; but, if the town used the ordinance as a means of extorting money, it can not be permitted to raise the question as to whether it had taken effect. It would be a reproach to our law, if these municipal corporations should be permitted to assume the right to pass ordinances threatening persons with heavy fines, and a long imprisonment for carrying on a lawful business, and, after extorting a large sum of money for a pretended license by threats of prosecution, be allowed to come into court and resist re-payment by saying, 'Although we did this thing, we had no right to do it, and the ordinance that we pretended was a law was really no law, and these persons should have known better than to have paid us the money.' It is only necessary to say, that the town can not be permitted to defend its wrong by this species of self-stultification. A person to whom a town offers the alternative of paying for a license, or undergoing a prosecution before the police magistrate, which would result in fine and imprisonment if the ordinance under which the city acts should be held valid, may certainly pay his money under protest, without losing his rights, and can not be required to incur the hazard of the magistrate's decision upon the validity of the ordinance, and possibly be driven to a writ of habeas corpus, to relieve himself from imprisonment. Such payment would not be voluntary. * * * We remark, in conclusion, that we do not express any opinion on the ques-

tion as to whether this was a voluntary or compulsory payment. That question is for the jury, and we reverse the judgment because it was not fairly left to them by the instructions. If the money was paid by the appellants under threats of prosecution, or under a belief, induced by the officers of the town, that only by payment could they escape prosecution, and was paid by them under protest, then such payment can in no sense be called voluntary."

Here the city collector informed the representative of appellee that he would be arrested if he failed to pay the license fee. A police officer threatened arrest. It can not be questioned that the officer had power to make the arrest upon the ground contended for by the city, that appellee was transacting his business as a brewer of liquors without a license from the city. This, we think, was such compulsion as to constitute that duress which renders a payment involuntary.

We are of opinion that the question of whether the payments here were voluntary or involuntary, being a question for the jury, was fairly submitted to them under the instructions of the learned trial court. The evidence was sufficient to warrant the conclusion that the payments were made " under a belief induced by the officers of the city that only by payment could they escape prosecution," as expressed by Justice Lawrence in the Harvey case, *supra*, and when appellee was threatened with " the exercise of power believed to be possessed by the person exacting the payment over the person  *  *  *  from which the latter had no reasonable means of immediate relief except by making payment," as expressed by Judge Dillon.

We find no error in matters of procedure.

The judgment is affirmed.