| 97 | 583 |
| 114 | ⁴255 |

# City of Chicago v. Waukesha Imperial Spring Brewing Company.

1. RECOVERY—*Of Money Paid Under an Invalid Ordinance—Duress.* —Money paid under a demand by the police and collection officers sent by a city to the plaintiff's place of business, and threats by them that unless the amount demanded is paid plaintiff would be prosecuted, is a payment under duress.

2. DURESS—*Distinction Between Threats by Private Individuals and Government Officers.*—There is a manifest distinction between a demand and threats made by a private individual not possessed of any means of enforcing such threats and payment under a demand and threats by government officers clothed with authority to enforce the same by arrest and interruption of the business of the person to whom such threats are made.

3. SAME—*When the Alternative is to Submit or Discontinue Business.* —When the alternative presented to a party is to submit to a city's exactions or discontinue his business within the corporate limits, money paid under such circumstances is not money paid voluntarily.

4. SAME—*The Rule in This State.*—In this State, where a man carrying on a lawful business in a lawful manner, is obliged, in order to prevent the forcible interruption of the same by governmental authority, to submit to the unlawful demand, whatever he pays under such

circumstances is not paid voluntarily and may be recovered back in an appropriate action.

5. EVIDENCE—*Conversations Between City Officers, When Admissible.* —In an action by a party against a city to recover money unlawfully exacted under threats of arrest, conversations had between the officers of the city, where no one representing the city is present, in so far as such conversations go beyond statements of what had been said or done by the city through its officers, are inadmissible; but it is competent for the plaintiff to show that the subordinate officers of the city told him what had been said to them by the superior officers of the city concerning his arrest.

**Assumpsit,** to recover money paid under an invalid ordinance. Appeal from the Superior Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

This case was begun in the Circuit Court, for the recovery of certain moneys paid by appellee to appellant, the City of Chicago, during the years 1896, 1897 and 1898, under an ordinance of the city of Chicago theretofore passed on the 30th day of March, 1896, requiring payment of an annual license fee of five hundred dollars from any person, firm or corporation carrying on the business of a brewer or distiller within said city.

Said ordinance further provided that "the selling or delivering, within the said city, of any product of a brewery or distillery, by or on behalf of the person, firm or corporation conducting or operating said brewery or distillery, shall be held to be carrying on the business of a brewer or distiller, as the case may be, within the meaning of this ordinance, and to be covered by this ordinance."

Said ordinance also provides (section 5):

"Any person, firm or corporation violating any of the provisions of this ordinance shall be subject to a penalty of not less than one hundred dollars ($100) nor more than two hundred dollars ($200) for each offense, and a separate offense shall be regarded as committed for each day during which such person, firm or corporation shall continue any such violation."

CHARLES M. WALKER, Corporation Counsel, WILLIAM HOWARD FITZGERALD, Assistant Corporation Counsel, attorneys for appellant.

City of Chicago v. Waukesha Brewing Co.

William L. Tibbs, attorney for appellee; T. A. Moran, of counsel.

Mr. Justice Waterman delivered the opinion of the court.

Upon the trial of this cause it was admitted that the ordinance under which appellee paid $1,500 as license fees to the city was invalid. The evidence showed that such sum was paid, under a demand by police and collection officers sent out by the city to appellee's place of business, and threats by such officers made to appellee that unless the fees demanded were paid, appellee would be prosecuted, its drivers arrested and it get into trouble. And that the officers of appellee paid the various sums demanded under the influence of such threats and to prevent its employes from being arrested. Payment under such circumstances was payment under duress.

It must be borne in mind that there is manifest distinction between demand and threats made by a private individual not possessed of any means of enforcing such threats, and payment to governmental authority clothed with power to enforce this demand by immediate arrest, interruption and stoppage of the business of one to whom such threats are made.

In the present case, the parties did not meet upon equal terms. The alternative presented to appellee was, to submit to the city's exaction or discontinue its business. It was in the power of its officers and obliged to do as they required or cease to carry on business within the city limits. Money paid under such circumstances, in point of law, is not paid voluntarily, any more than that which one hands to a highwayman, under threat of personal violence. Swift Co. v. U. S., 111 U. S. 22; United States v. Ellsworth, 101 U. S. 170.

The City of Chicago, in collecting license fees under its ordinance, is not compelled to commence suit, have summons issued, and await the judgment of the court. It may and is accustomed to proceed summarily, by the arrest and stoppage of the business of those who are unlawfully car-

rying on business within its limits. In this State, when a man carrying on a lawful business, in a lawful manner, is obliged, in order to prevent the forcible interruption of the same by governmental authority, to submit to the unlawful demand of such government, whatever under such circumstances he so pays is not paid voluntarily, and may be recovered back in an appropriate action. County of LaSalle v. Simmons, 5 Gil. 513; Boyd v. Town of Olney, 42 Ill. 336; Prickett v. Madison County, 14 Ill. App. 464; City of Chicago v. Sperbeck, 69 Ill. App. 562; Robertson v. Frank Bros., 132 U. S. 17; City of Chicago v. Ernst Klinkert, 94 Ill. App. 524; Henry v. Chester, 15 Vt. 460; C. & A. R. R. Co. v. Chicago, Vermillion & W. Coal Co., 79 Ill. 121; 2 Dillon on Municipal Corporations, 4th Ed., Sec. 945; Kiel v. Chicago, 176 Ill. 137.

Criticism is made of the action of the trial court in admitting testimony as to conversations had between the officers of appellee when no one representing the city was present. In so far as such conversations went beyond a statement of what had been said or done by the city through its officers, such testimony was inadmissible. It was, however, proper to show that the subordinate officers of appellee told to the managing officer what had been said to them by officers of the city. Without reference to testimony objected to by appellant, it clearly appeared upon the trial that appellant had threatened to arrest the drivers of appellee unless the license demanded was paid, and that payment was made under the influence of such threats.

Appellant asked the trial court to hold certain propositions. None of these was other than a request to the court to make certain findings as to the facts of the case, and each was properly refused.

The judgment of the Circuit Court is affirmed.