# OPINIONS OF THE COURT

GEORGE F. ADAMS AND EBENEZER TILLOTSON, PARTNERS,
ETC.,

*v.*

STATE OF ILLINOIS.

*Opinion filed September 28, 1906.*

1. LICENSE FEE—*payment under void statute.* The Act of April 11, 1899, requiring persons desiring to operate a private employment agency to obtain a license from the Secretary of State is unconstitutional (*Mathews* v. *People*, 202 Ill., 389), and fees paid involuntarily under such statute may be recovered.

2. VOLUNTARY PAYMENT—*no recovery.* Money paid into the State treasury voluntarily may not be recovered back.

3. DURESS—*money paid under.* Money paid into the State treasury under duress may be recovered back.

4. SAME—*what constitutes.* Prosecution to enforce collections with threatened arrest constitutes compulsion and duress.

F. L. Harpham and C. W. Greenfield, for Claimants.
W. H. Stead, Attorney General, for State.

George F. Adams and Ebenezer Tillotson, partners, and doing business under the firm name of Adams and Tillotson, are claimants herein for the sum of two hundred ($200.00) dollars, being a license fee paid by them on November 14, 1901, to Hon. James A. Rose, Secretary of State, for a license to operate a private employment agency under the Act of the General Assembly pertaining thereto, approved April 11, 1899, and in force July 1, 1899. (Session Laws, 1899; pp. 268-271.)

The case is presented on claimants' statement of claim in due form; pleas filed by the State, amounting in effect to the general issue; and depositions adduced by claimants.

—2 C C

It is conceded by the State that the said license fee was paid by claimants to the Secretary of State, and by him into the State treasury, prior to the filing of the claim. It is also conceded that the Act requiring such payment and license is unconstitutional, it being so held by the Supreme Court, April 24, 1903, in the case of *Mathews* v. *The People,* 202 Ill., 389.

The decision of the case hinges upon the point whether the said license fee was paid by claimants voluntarily, or under compulsion and duress.

The evidence relevant to this question is not as full and clear as we could wish; but we think, shows with tolerable clearness that claimants, in the early part of the year 1901, were running an employment agency in Chicago; that they were both arrested by two city police officers for running such agency without a license and taken before a justice of the peace, and required to give bond for their appearance to answer to the said charge; that they then went to City Prosecutor Taylor, who advised them that he had charge of the prosecution of the cases for and on behalf of the state's attorney; that a case was then pending in the courts testing the legality of the Act in question, and their case would be postponed pending the decision in that case, and giving them a letter to that effect to the lawyer prosecuting their case before the justice of the peace; that under such arrangement their case was so postponed till in the fall, when they were advised the law had been held valid in the test case alluded to; when, to avoid rearrest or trial, with consequent imprisonment or fine, and interference with their business, they applied for a license, and paid the fee, herein sought to be recovered. The evidence does not disclose a copy of the complaint, warrant or docket entries; nor any special authority under which the two policemen or detectives were acting; nor the status of the city prosecutor further than his statement that he represented the state's attorney and, inferentially, the State, and except that the sequel proved his authority. It is upon

this lack of clearness in the evidence that the State bases its contention that no such compulsion or duress existed as to entitle claimants to recover back their money so paid; that the complaint may have been under a city ordinance, and the city prosecutor acting on behalf of the city, and not of the State. But in the absence of any evidence to the contrary, we think the evidence sufficiently shows prosecution to have been under the Act in question and by officers entrusted with its enforcement.

In the view we take of the evidence and the facts thereby established, it hardly needs the citation of authority to support the proposition, that the claimants have shown such duress as, under the law, entitles them to recover back from the State the illegal fee paid by them. For, however much confusion there may be in the authorities on the question as to what state of facts constitute such compulsion and duress, as to entitle the payer of an illegal tax to recover the same, the authorities unanimously agree, that actual prosecution and arrest to enforce collection by public authorities charged with that legal duty, clearly constitute such compulsion and duress.

> *Yates* v. *Royal Insurance Co.*, 200 Ill., 202.
> *German All. Ins. Co.* v. *VanCleave*, 191 Ill., 410.
> *Chicago* v. *Waukesha Brewing Co.*, 97 Ill. App., 583.
> And cases therein cited.

We, therefore, find in favor of claimants and accordingly award them damages in the sum of two hundred ($200.00) dollars.