## Gentry Brothers, Appellees, v. City of Lincoln, Appellant.

DURESS—*when payment made under.* The payment of a license fee is involuntary where made in order to enable the parties making the same to do a lawful act and to prevent police interference, and the amount so paid, if illegally exacted, may be recovered where the payment has been made under protest.

Action commenced before justice of the peace. Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

URI KISSINGER and PETER MURPHY, for appellant.

S. L. WALLACE, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Gentry Brothers began a suit before a justice of the peace against the City of Lincoln to recover the sum of $40 alleged to have been paid by them to the clerk of said city under protest, and which appellees claimed the city had no right to retain. There was a judgment in favor of Gentry Brothers for the sum claimed and an appeal prosecuted by the city to the Circuit Court of Logan county, where upon a trial before a jury a verdict was returned in favor of said Gentry Brothers for the amount claimed. There was a judgment rendered upon the verdict and the city appealed.

Gentry Brothers own and manage a show which gave

an exhibition in the City of Lincoln on the 26th day of June, 1907. At the time there was in force, and had been for some time prior to that date, an ordinance of said city which, among other things, provided that every show or exhibition should pay into the treasury for license fees sums as follows: "For an exhibition of a circus the sum of $35 per day; for an exhibition of a menagerie the sum of $25 per day; for an exhibition of a circus and menagerie combined the sum of $50 per day; for any show of the class usually known as a dog, pony, monkey or bird show the sum of $10 per day, or $30 for one week or less."

It seems from the evidence that on the day before the show was to exhibit at Lincoln the mayor was consulted as to the amount of the fee to be paid, when he said to the city clerk that it should be $10 and this amount was stated to Gentry Brothers on the morning of June 26th as the amount which they would have to pay to secure a license. Some controversy arose as to the number of complimentary tickets which appellees should furnish to the mayor or clerk or both of them, and the agent of appellees refusing to meet the suggestions made upon this point tendered and left upon the desk of the city clerk the sum of ten dollars as the amount of the license fee which appellees should pay. This tender was refused by the clerk who at that time issued no license to appellees. Afterward and during the forenoon of June 26th appellees attempted to have a parade upon the streets of the city, when it was forbidden by the chief of police of said city, who refused to allow the parade to start until a license had been procured. The mayor had, in the meantime, announced that he would insist upon a fee of $50 and that he would not direct the issuing of a license for any less sum.

Matters were in this condition and the starting of the parade was delayed considerably, when Gentry Brothers, to prevent further delay, paid to the city the amount of the increased demand, $40, under protest,

and this suit was brought to recover back the amount so paid under protest.

The main question for us to determine is whether or not the jury were warranted in finding that the show of appellees came within the class "usually known as a dog, pony, monkey or bird show" for which a license fee of $10 per day only was required to be paid by the terms of said ordinance. Several witnesses testified as to the character of the exhibition given by appellees which, from the evidence, would seem to have consisted mainly of the exhibition of trained animals, including ponies, dogs, pigs, monkeys, elephants, camels and sheep. A careful analysis has been made by counsel for appellant of the terms "circus" and "menagerie" to convince us that under the evidence Gentry Brothers were running a circus, and not a dog and pony show.

We do not, however, regard the question as purely academic, but rather one to be determined by the application or use of common knowledge and understanding. The ordinance provides for a show of the class "usually known as a dog, pony, monkey or bird show" a license fee of ten dollars only shall be required. It was for the jury to say upon the evidence, whether or not the show in question was one "usually known" as a dog and pony show, and we are not disposed to disturb their finding in that respect.

Appellant contends that appellees, under the circumstances, cannot sue for a return of the $40 and argues that the payment was made voluntarily and not under duress.

We think the evidence showed such payment was compulsory and made under such a pressure as to render it involuntary. Appellees had a parade all ready to move and sought to move it when the chief of police, by force of his station as such officer, forbade and prevented it, and would not allow it upon the streets of the city until the extra $40 had been paid. The extra amount was paid by appellees to enable them to

do an act which they had a lawful right to do and to prevent the chief of police from interfering with them in the exercise of such right.    Under such circumstances the payment was involuntary.  City of Chicago v. Waukesha Brewing Co., 97 Ill. App. 583, and cases there cited.

There is no prejudicial error in this record and the judgment is affirmed.

*Affirmed.*