PATRICK H. HORGAN *vs.* JOHN M. TAYLOR, City
Treasurer.

MARCH 25, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Taxation.   Payment Under Protest.   Assessors Notice.*

A payment of a tax made after a collector of taxes had levied upon property and
advertised it for sale at public auction, is a payment under compulsion,
and the addition of a protest at the time of payment would not strengthen
the right of the plaintiff to recover.

*(2)   Taxation.   Assessors' Notice.   Payment Under Protest.*

Where the notice of assessors of taxes specifies no time as the time of valuation
and ownership, the assessment must be deemed to have been made on the
day following the last date on which the taxpayers were notified to bring
in an account of their ratable estate and hence is insufficient, as the time
for rendering accounts must follow the day and hour established for the
valuation and ownership of the ratable estate of the taxpayer in order
that he may be able to render a true and exact account.

*(3)   Taxation.   Payment Under Protest.*

Taxes paid under duress or compulsion may, if illegally assessed, be recovered
back, in a proper action, though no specific protest accompanies the pay-
ment thereof.

ASSUMPSIT.   Heard on agreed statement of facts on cer-
tification, under Gen. Laws, 1909, cap. 298, § 4.

VINCENT, J.   This is an action brought by Partick H.
Horgan, of the city of Newport, against John M. Taylor,
city treasurer of said city, to recover the sum of $957.82 ⅔
paid by him for taxes covering the years of 1906 and 1907,
together with interest thereon to the date of the writ, making
a total of $1,023.28.

The plaintiff alleges that the assessments for the two
years mentioned were irregular, improper, and illegal for the
reason that no specified time was fixed for the taxpayers to
appear before the assessors and present an account of their
ratable property *after* the day fixed upon as the day for the
valuation of such taxable property.

In the Superior Court the parties filed an agreed statement
of facts, whereupon the case was certified to this court under
the provisions of Chap. 298, § 4, Gen. Laws of 1909.

On January 30, 1906, the city council of the city of Newport passed the following ordinance: "Sec. 1. A tax is hereby imposed and levied and shall be assessed and apportioned by the assessors of taxes of this city, on or before the first day of next July, on the inhabitants of this city and the ratable property within the same, for the current municipal fiscal year, of or in a sum certain to be ascertained by taking one and two-tenths per centum of the ratable valuation of said property to be made by said assessors of taxes; said tax shall be collected and paid into the city treasury on and between the first day of August next, and the fifteenth day of September next, and all taxes remaining unpaid on said last named day shall carry until collected, a penalty at the rate of twelve per centum per annum.

"Sec. 2. This ordinance shall take effect immediately."

On February 15, 1907, the representative council of said city of Newport passed the following ordinance: "Sec. 1. A tax is hereby imposed and levied and shall be assessed and apportioned by the assessors of taxes of this city on or before the thirty-first day of May, on the inhabitants of this city and the ratable property within the same, for the current municipal fiscal year, of or in a sum certain to be ascertained by taking one and two-tenths per centum of the ratable valuation of said property to be made by said assessors of taxes; said tax shall be collected and paid into the city treasury on and between the first day of July next, and the thirty-first day of August next, and all taxes remaining unpaid on said last named day shall carry until collected, a penalty at the rate of twelve per centum per annum.

"Sec. 2. This ordinance shall take effect immediately."

In 1906, pursuant to the foregoing ordinance passed by the city council in that year, the assessors gave the following notice of their meetings to be holden for the purpose of assessing and apportioning the taxes:

"Tax Department. City of Newport. Assessors' Notice:

"The assessors of taxes of the City of Newport, hereby give notice that they will meet and be in session in their

rooms in the City Hall (second floor), in said Newport, every day, except Sunday and May 30th, Memorial Day, from and including Monday, May 21, 1906, to and including Friday, June 1, 1906, from 9 o'clock A. M to 12 o'clock noon, and from 2 o'clock to 5 o'clock P. M.

"For the purpose of assessing and apportioning on the inhabitants of said city, and the ratable property therein, the tax ordered and levied by the city council of said city on the 30th day of January, 1906.

"Every person and body corporate, liable to taxation in the premises is hereby notified and required to bring in to said assessors, within the time or times, and at the place of meeting and session of said assessors, as above designated, a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real and personal estate.

"The General Laws of Rhode Island provide that: ' Every person bringing in any such account shall make oath before some one of the assessors that the account by him exhibited contains to the best of his knowledge and belief, a true and full account and valuation of all his ratable estate; and whoever neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor.'

"Executors, administrators, guardians and trustees are hereby notified that all the foregoing applies to them and to trust estates as well as to other persons and property.

"WILLIAM SHEPLEY, *Chairman*,
                    "JOHN M. FRIEND,
                    "JOHN E. O'NEILL,"
                                        "*Assessors.*
"Newport, R. I., April 28, 1906.    Henry W. Cozzens, *Clerk.*"

(1)    The assessors' notice for the year 1907, being substantially in the same form as the above notice relating to the year 1906, need not be displayed here.

The statute, Sec. 6, Chap. 46, Gen. Laws of 1896, provided, among other things, that every person or body corporate liable to taxation shall bring in to the assessors a true

and exact account of his property, at such times as they may prescribe.

An examination of the ordinances and the notices of the tax assessors, before referred to, reveals the fact that in none of them is there any specified day fixed for the valuation of the property of the taxpayers. This court has held in *Matteson* v. *Warwick & Coventry Water Co.*, 28 R. I. 570, 581, that, "The time for rendering an account must follow the day and hour established for the valuation and ownership of the ratable estate of the taxpayer in order that he may be able to render a true and exact account thereof as required by statute."

There being no time specified as the time of valuation and ownership the assessment must be deemed to have been made on the day following the last date on which the taxpayers were notified to bring in an account of their ratable estate under the ruling of this court in *McAdam* v. *Honey*, 20 R. I. 351.

(2)     Applying this rule to the case at bar we find that the assessments for the years 1906 and 1907 were made on June 2nd and March 23rd, respectively. In both years, therefore, the time fixed within which taxpayers might file an account of their ratable property was prior to the day when the valuation and ownership was determined.

The plaintiff in his brief has presented some argument in support of the sufficiency of the protest under which these taxes were paid, but we do not find any reference to that subject in the brief of the defendant. We see no occasion, however, to discuss this point in the case at bar. Taxes paid under duress or compulsion may, if illegally assessed, be (3) recovered back, in a proper action, though no specific protest accompanies the payment thereof.

The agreed statement of facts discloses that the collector of taxes for the city of Newport in the year 1910, made a levy upon the property of the plaintiff to enforce the payment of the plaintiff's taxes for the years 1906 and 1907, with interest and costs; that said collector advertised said prop-

.erty for sale under said levy at public auction to be held on the 8th day of June, 1910; and that the plaintiff on said 8th day of June, to prevent the sale of said property under said levy, paid the amount of said taxes with interest and costs.

We think that a payment under these conditions would be a payment under compulsion and that the addition of a protest, at the time of payment, would in no way strengthen the plaintiff's right to recover. 37 Cyc. 1181; *Town of Magnolia* v. *Sharman & Co.*, 46 Ark. 358; *City of Chicago* v. *Klinkert*, 94 Ill. App. 524; *Johnson* v. *Crook Co.*, 53 Ore. 329; *Benton* v. *Goodale*, 66 N. H. 424; *De Fremery, et al.* v. *Austin*, 53 Cal. 380; *Raisler* v. *Mayor and Council of Athens*, 66 Ala. 194; *Howard* v. *City of Augusta*, 74 Me. 79; *Jackson* v. *The Town of Union*, 82 Conn. 266.

We do not think that the taxes assessed against the plaintiff for the years 1906 and 1907 were, for the reasons stated, a proper and legal tax, and the case is, therefore, remitted to the Superior Court, with direction to enter a judgment for the plaintiff for $957.82 ⅔, together with interest from June 8, 1910, to the date of the judgment and costs.

*Clark Burdick*, for plaintiff.
*Jeremiah A. Sullivan*, for defendant.