JAMES M. PENDLETON, Collector *vs.* FRANCES V. BRIGGS, Ex.

APRIL 13, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Taxation. Notice of Assessors. Time of Assessment.*

A notice of tax assessors stated: "Whereas the qualified electors of the town of X ordered a tax to be assessed on or before the 1st day of October, 1908, and the undersigned have also prescribed such time for the assessment of said tax. For the purpose of assessing said tax the board of assessors will meet at said office on Sept. 30, 1908, at 4 o'clock P. M."

*Held,* that it sufficiently appeared that the time when the tax was to be assessed was at 4 o'clock P. M., on Sept. 30, 1908.

*(2) Taxation. Notice. Evidence.*

Where the court has found that the notice of tax assessors was sufficient in respect to setting forth the time when the assessment on all property both real and personal was to be made, the testimony of a member of the board of assessors that no time was fixed by the board when the personal property would be assessed, amounts to nothing more than the expression of an opinion as to the legal effect of the notice.

*(3) Taxation. Notice. Time for Bringing in Accounts.*

Where the notice of tax assessors fixed Sept. 30 and Oct. 1 when they would be in session for the purpose of receiving accounts, the assessment to be

made Sept. 30, at 4 o'clock P. M., a taxpayer is not deprived of a fair opportunity to file his account, which he may do either before or after the assessment.

*(4)   Taxation.   Tax Roll.   Control of Tax Roll by Assessors.*

While a tax roll should bear the date of the assessment, the assessors retain full control over it until it is completed, dated, signed and turned over to the town clerk, whatever may be the necessary delay in completing it due to changes in titles, examination of accounts or corrections which cannot in the nature of things be made prior to the hour when the assessment is made.

ACTION TO RECOVER TAX under Gen. Laws, 1909, cap. 60, § 28.   Heard on petition of defendant for reargument and denied.   See *Pendleton* v. *Briggs,* 37 R. I. 352.

VINCENT, J.   Since the opinion of this court in the above entitled case, the defendant has filed a motion for reargument setting forth three errors into which she alleges the court has fallen in reaching its conclusion.

"*First.*   The taxpayers of the Town of Westerly were not notified in any of the years involved in the decision in this case of the time as of which the property was to be valued.

"*Second.*   But even if it is granted that September 30th, at 4 o'clock P. M., was the time fixed for the valuation of property and that the taxpayers had proper notice of that fact, it is still claimed that the tax is invalid because no opportunity that was of any avail was given the taxpayers to bring in lists of their property after that time.

"*Third.*   The suit in bar can be brought only by a duly qualified tax collector and when the defendant showed that the tax collector was not fully qualified, it appeared that the suit was not properly brought."

(1)   Taking the notice for the year 1908, which is substantially the same as the notices for the other years involved in this controversy, we find that it contains the words "For the purpose of assessing said tax the Board of Assessors will meet at said office on Wednesday, September 30th, 1908, at 4 o'clock P. M."   From this language we think it suffi-

ciently appears, that the time when the tax was to be assessed was at 4 o'clock P. M., on September 30th, 1908. The defendant refers to the words, "Such time" in the earlier part of the notice and argues therefrom that the notice fixes no definite time for the assessment as the law requires, apparently ignoring the portion above quoted. The notice begins, "WHEREAS: The qualified electors of the town of Westerly on the 12th of May, A. D. 1908, ordered a tax of $1.50 on each and every $100 of the real and personal ratable estate in said town to be assessed on or before the 1st day of October, A. D. 1908, and the undersigned have also prescribed such time for the assessment of said tax." It seems so apparent that the employment of the words, "the undersigned have also prescribed such time for the assessment of said tax" was simply intended to be a re-iteration of that part of the vote of the town providing that the tax should be assessed on or before October 1, 1908, that any other view of it would fail to furnish any basis upon which to found a serious discussion. In this connection the defendant cites the case of *McTwiggan* v. *Hunter*, 18 R. I. 776, a case where no notice was given and no time was fixed for the assessment; *Matteson* v. *Warwick & Coventry Water Company*, 28 R. I. 570, at page 575, to the effect that some point of time must be taken to which the valuation of all the property shall be referred simultaneously; *Horgan* v. *Taylor*, 89 Atl. 1058, where the notice did not contain, as the defendant states, any "point of time" for the assessment of the property, and the case of *McAdam* v. *Honey*, 20 R. I. 351, where no time was fixed by the assessors when the assessment of the tax was to be made and the court held that under such conditions the assessment must be deemed to have been made on the day following the last date on which the taxpayers were notified to bring in their accounts.

In our view of the sufficiency of the notice as to the fixing of the time when the assessment was to be made, these citations are not applicable to the case at bar.

(2)   The defendant further urges that Samuel M. Sharp, one of the assessors, who was a witness at the trial in the court below, testified that no time was fixed by the assessors when the personal property would be assessed for the years 1909 and 1911. He did so testify. The notices however are in evidence, they have been examined by this court for the purpose of determining their contents and especially as to whether they set forth the time when the assessment on all property both real and personal was to be made. The court has found that such notices were sufficient in that respect. The testimony of the witness amounts to nothing more than the expression of an opinion, which we cannot adopt, as to the scope and legal effect of such notices.

The defendant makes the further claim that if it be admitted that September 30th, at 4 o'clock P. M., was the time fixed for the valuation of property and that the taxpayers of the town were properly notified thereof, the tax would still be invalid for the reason that no sufficient opportunity was afforded the taxpayers to bring in lists of their property after that time.

(3)   The defendant does not therefore contend that no opportunity was given her to bring in an account of her property, but only that the time fixed by the assessors did not extend over a sufficient period. It appears that the assessors, through their notice, fixed two days, September 30th and October 1st, 1908, when they would be in session for the purpose of receiving from the taxpayers an account of their ratable estate. Under this provision of the notice such account might have been filed either before or after the making of the assessment. If filed before the assessment the assessors would have the information which it contained for their guidance and if filed afterwards such information would be of equal service, while the tax roll remained in their hands, in making any corrections that might be found to be necessary. We cannot see that the defendant was in any way prejudiced or that there was anything in the proceeding which deprived her of a fair oppor-

tunity to file her account. Besides it does not appear that she attempted, intended, or desired to file such an account. As we have before said, "a town tax cannot be defeated by mere irregularities which do not go to the jurisdiction of the assessors or deprive the defendant of some substantial right." The drift of the defendant's argument seems to be that the assessment having been made on September 30, 1908, at 4 o'clock P. M., the assessors were thereafter powerless to do anything more than to date and sign the tax roll and deposit it in the office of the town clerk. We do not think that the powers of the assessors are thus limited. There is much that still remains to be done. For instance, some later investigation is required to determine what changes have occurred in titles to real estate up to the hour of the assessment, and the tax roll must be made to conform thereto. An examination of the accounts filed by taxpayers must be made, whether such accounts have been filed before or after the exact time fixed for the assessment, and these accounts may also involve changes and corrections in the tax roll which cannot, in the nature of things, be made prior to the hour when the assessment is made. For these and other reasons the assessors must retain full control over the tax list until it is fully completed, dated, signed, and turned over to the town clerk. It should appear from the tax roll that the assessment was made within the time fixed by the vote of the town, and we think therefore that such tax roll should bear the date of the assessment whatever might be the necessary delay in completing it.

The qualifications of the collector and his authority to collect the tax have, we think, been sufficiently discussed in our former opinion now on file.

We see no reason for changing or modifying the conclusions of that opinion and the motion for reargument is denied and dismissed.

*Harry B. Agard,* for plaintiff.
*John J. Dunn, Waterman & Greenlaw,* for defendant.
*Charles E. Tilley,* of counsel.