[Civ. No. 5583.   Fourth Dist.   Nov. 22, 1957.]

MELVIN STAFFORD, Appellant, v. RIVERSIDE COUNTY et al., Respondents.

Leonard A. Bock for Appellant.

Ray T. Sullivan, Jr., County Counsel, Leo A. Deegan, Assistant County Counsel, and Gerald F. Schulte, Deputy County Counsel for Respondents.

GRIFFIN, J.—In a second amended complaint plaintiff alleges he owned two lots in Palm Springs Village Tract. Apparently, prior to March, 1947, there was a hotel building on these lots and plaintiff added improvements thereto. It was alleged that the nature of these improvements, for the years 1947, 1948 and 1949, were well known to the county assessor and tax collector and were open and apparent to anyone; that prior to the completion of the original building plaintiff was regularly assessed for said real property and improvements thereon and paid approximately $250 per year taxes; that after completion the taxes and assessments were doubled; that about March 5, 1955, there were further added to said assessment rolls, without notice to plaintiff, "alleged escape assessments" for the regular tax years of 1949, 1950, 1951, 1952, 1953, and 1954, at the rate of $368.44 per year, totaling $2,210.64; that thereafter, on December 9, 1955, plaintiff, who claimed said alleged escape assessments were void, paid the first installment of $1,888.39 to the defendant tax collector, claiming that $1,508.27 (being the portion designated as escape assessment) was paid under protest. (Exhibit A is a copy of said protest attached to the complaint.) It is then alleged said escape assessment on said land and improvements and the required payment thereof was void and illegal for the reasons set forth in the protest and that said property did not in fact escape any prior assessment; that plaintiff paid the second installment of $1,407.93 before the due date, and $1,105.32 was paid under protest. Also, the same allegations are made in the claim to the board of supervisors and board of equalization. He then alleges that on January 5, 1956, he filed with the board of supervisors a verified petition (Exhibit B attached to the complaint) ask-

ing it to order the appropriate authorities to refund said sum and that all further assessments levied under the guise of escape property tax be canceled as being void. This is in accordance with the claim made in Exhibit B. Said petition was denied on February 20, 1956, without objection as to its form. He then alleges that all the property described was, at all times, known to defendants and was duly assessed on the rolls of the county as required by law; that the increased assessment, under the guise of escape assessment, was arbitrary, void, and without any basis in law, and that in fact no property of plaintiff escaped assessment. The allegation is then made that on May 17, 1956, plaintiff filed a verified petition for refund with the board of equalization (identical to Exhibit B); that said board referred said matter to the tax collector and no action was taken by it, and that the tax collector does not intend to do so; that a notice to plaintiff from said board stated that said board did not handle said matters; that on July 2, 1956, plaintiff filed his verified claim for refund with the board of supervisors, sitting as a board of equalization (Exhibit C) and it was denied upon the ground it lacked jurisdiction to consider said petition. As a second cause of action, after repeating these general allegations, plaintiff alleges in a common count that defendants became indebted to plaintiff in the sum of $2,210.64 for money had and received, plus $1,105.32 paid on April 10, 1956. A demurrer to this complaint was sustained without leave to amend and a judgment for defendants followed.

The main question is whether plaintiff has or can state a cause of action under section 5096 et seq. or section 5136 et seq. of the Revenue and Taxation Code. It is the argument of defendants that the complaint does not allege specific reasons and follow those reasons set forth in the protest or demand for refund, and that timely application to the board of equalization for the relief sought in his complaint was not made, citing section 5139 of the Revenue and Taxation Code; *De Fremery* v. *Austin,* 53 Cal. 380; and *Albro* v. *Kettelle,* 42 R.I. 270 [107 A. 198].

It is a general rule that a taxpayer seeking judicial relief from an erroneous assessment must have exhausted his remedies before the administrative body empowered initially to correct the error. (*Security-First National Bank* v. *County of Los Angeles,* 35 Cal.2d 319 [217 P.2d 946].) An exception is therein noted such as where the attempted assessment is a nullity because the property is either tax exempt or outside

the jurisdiction. (See also *Parrott & Co.* v. *City & County of San Francisco,* 131 Cal.App.2d 332 [280 P.2d 881].)

The function of the board of equalization is to equalize the assessment of property on the local roll. (Rev. & Tax. Code, § 1603; *Parrott & Co.* v. *City & County of San Francisco, supra.*)

The next questions presented are whether the claimed escape assessments were invalid and void and come within an exception, and whether the law first required a timely request for redress before the board of equalization, and whether it had jurisdiction and power to act. (*Parr-Richmond Industrial Corp.* v. *Boyd,* 43 Cal.2d 157 [272 P.2d 16].) Section 531 of the Revenue and Taxation Code provides that "If any property belonging on the local roll has escaped assessment, the assessor shall assess the property on discovery at its value on the lien date for the year for which it escaped assessment. . . ." Section 533 of the same code provides that "Property escaping assessment shall be entered on the roll prepared or being prepared in the assessment year when it is so discovered and, if this is not the roll for the assessment year in which it escaped assessment, the entry shall be followed with 'Escape assessment for year 19——.' "

Plaintiff's brief discloses no California cases defining "escaped property" or "property escaping assessment" as applied to improvements on real property. There is considerable authority from other jurisdictions bearing on this question. In *Davidson* v. *Franklin Avenue Inv. Co.,* 129 Minn. 87 [151 N.W. 537], plaintiff acquired property in 1912, which had on it a four-story concrete building. The land was assessed, but not the building, from 1907 to 1911. The auditor, in 1912, discovered this fact and reassessed the property as "omitted property" under a similar statute to that here involved. Plaintiff paid the tax and demanded repayment from the defendant, from whom he purchased the property. The question was whether the auditor had power to reassess as omitted property, real estate which had been assessed and the taxes paid. The Supreme Court of Minnesota there held that the statute under consideration did not authorize a reassessment where the real estate was assessed and the taxes were paid for the years in question. To the same effect are *Application of National Tube Co.,* (Ohio) 98 N.E.2d 78; and *E. K. Wood Lumber Co.* v. *Whatcom County,* 5 Wn.2d 63 [104 P.2d 752]. In the latter case the court held that the procedure of county officers in attempting to reassess land for

prior years, so as to include the value of growing timber thereon, which had been inadvertently omitted in prior assessments, was unwarranted and was no defense in an action to recover excess taxes paid. To the same effect are *Hammond Lumber Co.* v. *Cowlitz County*, 84 Wash. 462 [147 P. 19, 20] ; *Marshall Wells Co.* v. *Foster County*, 59 N.D. 599 [231 N.W. 542, 545] ; *State* v. *Mortgage-Bond Co. of New York*, 224 Ala. 406 [140 So. 365, 366] ; *Delta Land & Timber Co.* v. *Police Jury*, 169 La. 537 [125 So. 585, 586] ; and *State* v. *R. C. Jones & Co.*, 169 Okla. 38 [35 P.2d 908, 910]. *People* ex rel. *McDonough* v. *Birtman Electric Co.*, 359 Ill. 143 [194 N.E. 282] ; and *People* v. *Sears,* 344 Ill. 189 [176 N.E. 273], are distinguishable. In *De Luz Homes, Inc.* v. *County of San Diego*, 45 Cal.2d 546 [290 P.2d 544], involving assessment of possessory estates of lessees of government property, the trial court found in favor of the taxpayer and held that the assessment had not been made during the regular assessment period, that it was not properly an "escape assessment," and accordingly it was void. The Supreme Court reviewed the order of the trial court in respect to the method of computing the value of the leasehold estates and remanded the case for further proceedings before the county board of equalization.

█ From the authorities cited it would appear that it is only where there has been no assessment at all that the provisions for escape assessments apply. There were sufficient allegations of the illegality and invalidity of the assessment in dispute, particularly as to the claimed fact that the escape assessments for the years 1949 to 1954, inclusive, were added to the assessment rolls outside the regular assessment period and without notice to plaintiff. The board of equalization properly determined it had no jurisdiction over the subject matter for these years. The requirement that plaintiff first make timely appeal to it for relief, for those years, was unnecessary. (*Mahoney* v. *City of San Diego*, 198 Cal. 388, 404 [245 P. 189].) Accordingly, in this respect, the timing and sufficiency of the notice to said board of equalization becomes unimportant. Apparently the first notice plaintiff had of such illegal assessment was at the time of the receipt of the tax statement. The tax was paid under a verified protest in respect to the years concerned and it sufficiently apprised the tax collector that he was endeavoring to illegally collect said taxes under a wrong theory of the law (escape property tax). A similar request for refund was directed to the board of supervisors under section 5096 of the Revenue and Taxa-

tion Code. The reason for the claimed invalidity was sufficiently set forth and was generally in accord with the allegations and prayer of the complaint. It was sufficient to satisfy the requirements of sections 5137 and 5139 of the Revenue and Taxation Code, particularly as to the first installment paid.

It is not clear from the complaint what grounds were set forth in the protest as to the second installment of taxes paid. The complaint may well be amended to make these allegations more certain. (*Simms* v. *County of Los Angeles,* 35 Cal.2d 303 [217 P.2d 936].) Section 5136 et seq. of the Revenue and Taxation Code provide generally that within six months after the payment of taxes, under protest, an action may be brought against a county or a city in the superior court to recover the taxes thus paid or in the alternative under section 5096 of the Revenue and Taxation Code, and on an order of the board of supervisors, any taxes paid before or after delinquency shall be refunded if they were "(a) Paid more than once. (b) Erroneously or illegally collected. (c) Paid on an assessment in excess of the cash value of the property by reason of the assessor's clerical error."

We conclude that the amended complaint sufficiently alleges a cause of action subject to such defenses as may be properly pleaded. (*Brill* v. *County of Los Angeles,* 16 Cal.2d 726 [108 P.2d 443].)

Defendants' argument that the common count method of pleading is not available against a county or a city (citing *Union Bank & Trust Co.* v. *Los Angeles County,* 2 Cal.App. 2d 600 [38 P.2d 442]) is not tenable where other counts incorporated therein sufficiently show the full details of the transaction and the nature of the claim. (*Union Bank & Trust Co.* v. *Los Angeles County, supra.*)

Order sustaining demurrer without leave to amend and judgment of dismissal reversed. Defendants allowed a reasonable time in which to answer.

Barnard, P. J., and Mussell, J., concurred.