[Civ. No. 27161. Second Dist., Div. Three. Sept. 14, 1964.

FRANK R. JENSEN, Plaintiff and Respondent, v. H. L. BYRAM, as County Tax Collector, etc., et al., Defendants and Appellants.

Harold W. Kennedy, County Counsel, and John D. Cahill, Deputy County Counsel, for Defendants and Appellants.

Anderson, Adams & Bacon and Robert L. Bacon for Plaintiff and Respondent.

SHINN, P. J.—The County of Los Angeles appeals from a judgment declaring invalid multiple delayed assessments made by the county assessor of improvements on plaintiff's land in the belief that the improvements had escaped assessment.

Plaintiff owned a lot in Arcadia; in 1951 he built

a house on the lot and in the years 1952 through 1960 the land was assessed and taxes were paid, but through oversight, there was no assessment of improvements by placing a value upon them on the assessment roll and none was shown on the tax bills.

As we understand the theory of plaintiff, which was carried into judgment, it is that plaintiff's improvements were a part of the realty and that the assessment of the land was, therefore, an assessment of the whole, including the improvements. The position of the county is that the assessor was required by law to place a value upon and assess improvements separate from the land itself, that since this was not done the improvements constituted property that had escaped assessment for the years in question, and that the deferred assessments were legally made pursuant to section 531 of the Revenue and Taxation Code. Our conclusion is that the position of the county must be sustained.

Section 2 of article XIII of the California Constitution requires that land and improvements be separately assessed. Defendants correctly say: ''The local assessment roll shall list all property within the county which it is the duty of the assessor to assess. (§ 601.) The roll must show the assessment of improvements separately from the assessment of land (§§ 602 and 607) and improvements are assessed by showing their value opposite the description of the parcel of land on which they are located if they are assessed to the same assessee (§ 608).''

It was said in *Citizens' Federal Sav. & Loan Assn.* v. *City & County of San Francisco,* 202 Cal.App.2d 358, 362 [20 Cal.Rptr. 717] : ''In this state, all property must be taxed unless an exemption is authorized by the state Constitution or granted by the laws of the United States (*Lundberg* v. *County of Alameda,* 46 Cal.2d 644 at 648 [298 P.2d 1] ; Const., art. XIII, § 1c).

''The assessment roll shall list all property within the county which it is the assessor's duty to assess (Rev. & Tax. Code, § 601). The local roll must show: . . . (e) The cash value of real estate, except improvements. (f) The cash value of improvements on the real estate. . . .

''Land and improvements are separately assessed (Rev. & Tax. Code, § 607) and improvements are assessed by showing their value opposite the description of the parcel of land on which they are located if they are assessed to the same assessee (Rev. & Tax. Code, § 608).'' (See, also, *People* ex rel. *Mosk*

v. *City of Santa Barbara,* 192 Cal.App.2d 342 [13 Cal.Rptr. 423].)

Plaintiff cites *Stafford* v. *County of Riverside,* 155 Cal.App. 2d 474 [318 P.2d 172], as a case which sustains his position. In *Stafford,* there was a separate assessment of improvements, although additions to a hotel building were not included in the assessor's valuation. It was held that the part of the improvements not included in the valuation could not be assessed later as property which had escaped assessment. Of course, the failure to assess improvements at their full value because of an oversight does not present a case of property which has escaped assessment. As previously stated, plaintiff argues that since his land was assessed, and the improvements are part of the land, the failure of the assessor was merely an omission to place the full value upon the land, and that, therefore, the improvements did not escape assessment. The argument is merely a denial of the duty of the assessor to assess improvements separately.

The assessor acted under authority of section 531, Revenue and Taxation Code, which provides in relevant part: "If any property belonging on the local roll has escaped assessment, the assessor shall assess the property on discovery at its value on the lien date for the year for which it escaped assessment . . . ." It is not questioned that the assessments were legally made, providing the improvements were subject to delayed assessment.

The judgment is reversed.

Ford, J., and Files, J., concurred.