(110 So. 886)

No. 27487.

## BROWN v. HODGE–HUNT LUMBER CO., Inc.

(Nov. 29, 1926. Rehearing Denied Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Logs and logging** ⚖⇒3(9)—Separate distinct estates are created by reservation of standing timber in deed of land (Act No. 188 of 1904).

Reservation of standing timber in deed of land is a segregation of ownership of timber from land, which under Act No. 188 of 1904 creates two separate and distinct estates, one to the land in grantee, the other to the timber in grantor.

2. **Logs and logging** ⚖⇒3(1)—Validity of reservation of standing timber in deed of land held not affected by failure to fix time for removal.

Failure of deed reserving standing timber to fix time to remove it does affect validity of reservation, as the omission may be supplied by application to court, and till time so fixed right of removal remains in grantor indefinitely.

3. **Taxation** ⚖⇒338—Land and standing timber segregated into two distinct estates, are to be taxed separately.

Where land and standing timber thereon have been segregated into two distinct estates, separately owned, they should be taxed separately.

4. **Abandonment** ⚖⇒4—Owner of standing timber, failing to have it assessed, does not waive right whereby it passes to owner of land, and is covered by tax sale thereof.

One owning standing timber, separate and distinct from the land, by failing to have it assessed, does not waive his rights thereto, with the result of its passing to the owner of the land, and being covered by the assessment of the land and the tax sale thereof.

5. **Logs and logging** ⚖⇒3(9)—Under statutes, standing timber reserved in deed of land is not part of land (Civ. Code, art. 465; Act No. 188 of 1904).

Civ. Code, art. 465, declaring standing timber part of the land, has no application where, by deed of the land, the timber has been reserved, creating, under Act No. 188 of 1904, separate and distinct estates.

Appeal from Second Judicial District Court, Parish of Bienville; John S. Richardson, Judge.

Action by Horace T. Brown against the Hodge-Hunt Lumber Company, Inc. From the judgment, both parties appeal. Reversed, and plaintiff's demand rejected.

P. E. Brown, of Arcadia, and Jas. L. Dormon, of Shreveport (Donelson Caffery, of New Orleans, of counsel), for plaintiff.

Goff & Barnette, of Arcadia, for defendant.

THOMPSON, J. This suit is for the value of timber cut and removed from a certain tract of land claimed by the plaintiff and fully described in the petition.

The plaintiff's title to the land has its origin in a deed from the defendant company to G. A. Woods, of date December 4, 1906.

The ownership of the timber is claimed by virtue of a tax sale in the name of the estate of said Woods for the taxes of 1918.

The defendant denied that the plaintiff was the owner of either the land or timber, asserted ownership of the timber itself, with the right to cut and remove the timber at any time, and further pleaded the prescription of one year against any demand for timber cut and removed more than a year prior to the filing of the suit.

The trial judge recognized plaintiff as the owner of the land and timber, and gave plaintiff judgment for $750, being the value of 300,000 feet of timber cut and removed after plaintiff's purchase of the land. Both parties have appealed.

The land, with the timber thereon, was originally owned by the Huie-Hodge Lumber Company. By an amendment to the charter the name of the company was changed to that given in the title of the case.

On December 4, 1906, the then owner (Huie-Hodge Lumber Company) sold the land to G. A. Woods, reserving unto said company all of the merchantable timber on the land, together with right of way for railroad, wagons, etc., for the removal of the timber. There was no time limit fixed in the deed for the removal of the timber, and no application was ever made to the court to have the timber cut and removed within a fixed and definite period.

[1] The reservation of the timber in the sale of the land was clearly a segregation of ownership of the timber from the land and created two separate and distinct estates— one to the land in Woods, and the other to the timber in the lumber company. This is so well settled since Act No. 188 of 1904 as to need no citation of authorities.

[2] It is equally well settled that the failure to fix a time limit in the deed for the removal of the timber does not affect the validity of the transfer of the timber, since the omission may be supplied by application to the courts, and until such a period is fixed the right to remove the timber remains in the grantee (in this case the owner of the timber) indefinitely. Kavanaugh v. Frost-Johnson Lbr. Co., 149 La. 972, 90 So. 275.

[3] Some time after his purchase of the land, Woods died, and in 1919 the land was sold for the taxes of 1918, under an assessment in the name of the estate of G. A. Woods. At this sale Dr. W. S. Jones bought the land, and a year thereafter sold the same to the present plaintiff. On September 17, 1921, the present plaintiff sold the land to T. H. Brown, but repurchased the same on March 24, 1923.

One of the contentions of defendant is that Dr. Jones was a party interposed, and that his purchase at the tax sale did not operate a transfer of the property, but amounted in law and in fact to a payment of the taxes by one of the heirs.

We find it unnecessary to consider this phase of the case, since, if the tax deed did not have the effect of conveying the timber with the land, the defendant, who only claims a right to the timber, is without interest to attack the tax sale of the land.

It does not appear that the timber was included in the assessment and valuation of the land as a basis for the tax sale. The timber is not specially mentioned, either in the assessment or the tax deed. The value placed on the land for taxing purposes would seem to indicate that it was not intended to include the timber.

From the allegations of plaintiff's petition and the proof in the record, the timber on the land was worth more than eight times the value of the land without the timber.

The same may be said in reference to all of the deeds to the land subsequent to the tax deed. In none of these deeds was any reference made to the timber on the land,

and price stated in the deeds indicates very clearly, we think, that the sale was not to include the timber.

The plaintiff concedes, and very properly so, that since Act No. 188 of 1904, where timber has been segregated in ownership from the land, there should be separate assessments; that the land should be assessed to its owner, and the timber to its owner.

This was not true prior to the act of 1904.

In Williams v. Triche, Shff., 107 La. 94, 31 So. 926, decided February 3, 1902 it was held that as long as the then legal ownership of trees standing upon land remains in the owner of the land they must be assessed with the land as forming part of it, and that assessors were not warranted in separating, for the purpose of assessment, the trees from the land, and making the trees the direct object of direct taxation, as corporeal movables distinct from the land to which they are attached.

This is still the law, so long as the trees remain the property of the owner of the land on which they are standing. But, where the trees and the land have been segregated into two distinct estates, they become separate and distinct immovables, and should be so assessed for purposes of taxation.

[4] It appears that the timber was not assessed to the lumber company for the year 1918, the year for which the land was sold for taxes, and it is contended that the owner of the timber, by failing to have it assessed, waived any rights it had to the timber, and that the timber then reverted to the owner of the land, and was covered by the assessment of the land and the tax sale thereof.

The argument is specious and has no real foundation.

It presents a novel species of forfeiture of ownership, unknown to our law and jurisprudence.

[5] The only authority relied on in support of the contention that the timber was a part of the land is article 465 of the Civil Code, which provides, among other things, that trees before they are cut down are immovable, and are considered as a part of the land to which they are attached.

This article has no application to the question here presented since the passage of the act of 1904, which retained the immovable character of standing timber, but classified it as a separate and distinct estate from that of the land, when segregated in ownership from the land by the act of the owner, who held the title to the combined estate of timber and land.

Our conclusion is that the timber in question was reserved to the defendant in the original sale of the land to Woods; that the title to the timber never vested in Woods, was not covered by the assessment of the land to the estate of Woods, and did not pass under the tax sale, nor any of the subsequent sales of the land.

Our further conclusion is that the failure of the lumber company to assess the timber did not have the effect of a forfeiture of the title to the timber, nor did such timber thereby revert to the owner of the land and become part of the land for purposes of taxation or otherwise.

This view renders it unnecessary to pass on the other questions raised and discussed by counsel.

The judgment appealed from is reversed and set aside, and plaintiff's demand is rejected, with costs.