(125 So. 585)

No. 29983.

**DELTA LAND & TIMBER CO. v. POLICE JURY et al.**

Dec. 2, 1929.

Ped C. Kay, of De Ridder, for appellant Tax Collector.

John J. Robira, Dist. Atty., Sam H. Jones, Asst. Dist. Atty., and James A. Williams, all of Lake Charles, for other appellants.

Thompson & Ferguson, of Leesville, for appellee.

O'NIELL, C. J. This is a suit to cancel a supplemental assessment of the timber growing on 3,700 acres of land, for the taxes of 1925, 1926, 1927, and 1928. The timber is valued at $40,125 in the supplemental assessment for each of the four years. The 3,700 acres of land on which the trees stand are part of 32,196 acres of land which the plaintiff owns and on which the plaintiff paid all taxes for which the land was assessed in 1925, 1926, 1927, and 1928. The supplemental assessment of the timber on the land came about in this way: When the present assessor, who was elected to office in 1928, took charge of the office, the assessment rolls for that year were completed. He learned that the Delta Land

& Timber Company, owner of the 32,196 acres of land, had reported it for assessment as "denuded pine land," and that the land was assessed accordingly, notwithstanding 3,700 acres of the land had some timber on it, which he, the newly elected assessor, believed was worth $40,125. He, therefore, under authority of section 12 of Act 170 of 1898, p. 353, made up a supplemental roll, on which he assessed the timber at $40,125 for each of the years 1925, 1926, 1927, and 1928.

The suit to annul the supplemental assessment is founded upon the proposition that the assessment of the land in 1925, 1926, 1927, and 1928, included, necessarily and without mention thereof, the timber growing on the land. The district judge sustained the proposition and annulled the supplemental assessment of the timber. The defendants have appealed from the decision.

The authority of an assessor to make a supplemental assessment of property for taxes, under section 12 of Act No. 170 of 1898, p. 353, is limited to property that was *omitted* from the assessment roll, or *erroneously assessed.* The timber which the assessor put on the so-called supplemental rolls for the years 1925, 1926, 1927, and 1928 was neither omitted from the assessment rolls of those years nor erroneously assessed. The timber was not omitted, because it was necessarily included, without mention thereof, in the assessment of the land on which the timber was growing or standing; and it was not erroneously assessed, because the only correct way to assess forest timber is to include its value in the assessment of the land on which it grows or stands. Act No. 170 of 1898, § 91, subd. 1, p. 386; Act No. 188 of 1904; Rev. Civ. Code, art. 465; Palfrey v. Connely, Sheriff, 106 La. 699, 31 So. 148; Williams v. Triche, Sheriff, 107 La. 92, 31 So. 926; Brown v. Hodge-Hunt Lumber Co., 162 La. 635, 110 So. 886.

There was therefore no authority in law for the assessor to make a so-called supplemental assessment of this timber for the years for which the land on which the timber grew or stood was assessed.

Although we doubt that the fact is of any importance in this case, nevertheless it is a fact, that the assessor who assessed the plaintiff's land in 1925, 1926, 1927, and 1928 was not deceived as to its value by the plaintiff describing it as "denuded pine land," in reporting or returning it for assessment. The land was "cut over," and the assessor knew that there remained some timber on it. He testified that he actually estimated the value of the timber remaining on the land, and concluded that, if he added his estimate to the value which he would put upon the land itself, the result would be less than the total valuation which the plaintiff had put upon the land as "denuded" land.

The judgment is affirmed.