No. 720

First Circuit

STATE EX REL. BEAUREGARD PARISH POLICE JURY ET AL. v. J. H. CAIN; SHERIFF AND EX OFFICIO TAX COLLECTOR

(January 26, 1931. Opinion and Decree.)

John J. Robira, of Lake Charles, attorney for plaintiff, appellee.

Ped C. Kay, of DeRidder, attorney for defendant, appellant.

LeBLANC, J. The defendant, J. H. Cain, tax collector of the parish of Beauregard, in making his rendition to the two taxing bodies, plaintiffs herein, of taxes collected during the months of December, 1929, and January, 1930, withheld therefrom amounts totaling $1,088.19.

The police jury of the parish, claiming that the sum of $714.84 was illegally deducted from the amount of taxes due it, and the parish school board, making the same claim in the amount of $373.35, both bring mandamus proceedings against the defendant to have him ordered to pay over these amounts to the respective claimants.

The defendant admits having made the deductions complained of and defends his action in doing so on the ground that these amounts were justly due as attorney's fees earned by the attorney for the tax collector in representing and defending him in various suits brought by numerous landowners to have supplemental assessments canceled and also by other landowners to have assessments on their lands reduced from $4.25 to $3 per acre.

The first number of suits referred to were brought by the Pickering Lumber Company, the Stout Realty Company, the Delta Land & Timber Company, Porter E. Harmon, and A. L. Franklin. They were tried in the district court and judgment rendered in favor of the plaintiffs in each. On appeal to the Supreme Court (Delta Land & Timber Co. v. Police Jury, 169 La. 537, 540, 541, 543, 125 So. 585, 586, 587), the judgments were affirmed. From the decision in the case of Delta Land & Timber Co. v. Police Jury, 169 La. 537, 125 So. 585, the facts appear to be that the Delta Land & Timber Company was the owner of a large body of land which had been reported by it for assessment as "denuded pine land" and had been so assessed for each of the years 1925, 1926, 1927, and 1928. A newly elected assessor in 1928, after the assessment roll for that year had been completed, learned that in the large acreage reported as denuded, there were 3,700 acres with timber which he believed to be worth $40,125, and he accordingly, acting under section 12 of Act No. 170 of 1898, made up a supplemental roll on which he assessed the timber at the amount he believed it to be worth for

each of the years 1925, 1926, 1927, and 1928. The Delta Land & Timber Company, as did the other landowners faced with a similar situation with regard to their assessments, brought suits to annul the supplemental assessments, which, as already noted, were decided in their favor; the court holding that the timber was necessarily included, without mention thereof, in the original assessment made of the land on which it was growing.

The other batch of suits referred to were brought by the Long-Bell Lumber Company, the Long-Bell Farm Land Corporation, the Peavy-Byrnes Lumber Company, and the Delta Land & Timber Company, to have the assessments on cut-over pine lands reduced from $4.25 per acre to $3. In rendering these lands they reported them at $3 and the taxing authorities increased the assessment to $4.25 per acre. Taxes were paid by the owners on the basis of the $3 valuation, and the contest therefore was over the increased assessment of $1.25 per acre. These suits were yet pending at the time of the trial of these mandamus proceedings.

The only law to which our attention is directed, and which we have been able to find, providing for the payment of attorney's fees to the attorney for the tax collector, is section 16 of Act No. 140 of 1916. The particular part of the section which has bearing on this controversy reads as follows:

"The attorney for the tax collector shall, in all cases except as above provided represent the defendant boards and assessor, under the direction of the Attorney General, and he shall receive ten per cent. commission on the amount of taxes involved when the assessment is sustained or not reduced more than 25 per cent of the reduction claimed, and the taxes collected, which shall be assessed as a penalty against the taxpayer, and he shall receive five per cent. of the taxes involved and collected when the assessment is not sustained, to be paid over by the tax collector when such taxes and penalties are collected."

It is observed that the law provides for payment of fees in two separate instances: First, a fee of 10 per cent on the amount of taxes involved and collected when the assessment complained of by the taxpayer is sustained or is not reduced more than 25 per cent; and, second, a fee of 5 per cent on the amount of taxes involved and collected when the assessment is not sustained. As the amount retained for attorney's fees in these cases is 5 per cent of the amount of taxes collected, it was with regard to the fees provided for in the second instance that the law was invoked.

Referring back to the first lot of suits defended by the attorney for the tax collector, it will be noted that the object of the plaintiffs was not to reduce the assessments, but to annul the supplemental assessments of timber which had already been assessed and on which taxes had already been paid. As the trial judge correctly remarked in his reasons assigned for judgment:

"There is a vast difference between an action to reduce an assessment, and an action to annul an assessment on the ground of prior payment of taxes on property involved in the contested assessment. In the first case the attorney for the tax collector is authorized to represent the taxing authorities, under certain circumstances. In the second case, there is absolutely no provision requiring or permitting the attorney in question to represent the taxing authorities."

In the case of Tremont Lumber Co. v. Police Jury of Winn Parish, 164 La. 257, 113 So. 839, the Supreme Court had under consideration the question of the payment

of attorney's fees of the attorney for the tax collector in defending a suit brought to reduce a tax levy of 10 mills on the dollar for road bonds. The district court had rendered judgment reducing the tax one-half mill and also condemned the plaintiff to pay the tax collector's attorney's fee of 5 per cent on the amount of the reduction in the tax levy. The Supreme Court affirmed the judgment reducing the tax from 10 mills to 9½ mills as being "substantially accurate," but reversed it insofar as it decreed the payment of the attorney's fees, for the reason, as we view the decision, that section 16 of Act No. 140 of 1916 purported to impose attorney's fees on an unsuccessful taxpayer, under certain conditions, "in a suit for a reduction of the valuation made by the assessing authorities," which was not the case in the suit before it, and which, we may add, was also not the case in the suits in which the fee is claimed in the proceedings now before us.

In the case of Crowell & Spencer Lumber Co. v. Police Jury of Natchitoches Parish, 164 La. 971, 115 So. 51, the court makes it plain that the attorney's fees are due only on that portion of the amount of taxes which is in dispute, and not on the entire amount involved in the assessment. In the cases under consideration in these proceedings, the complaining taxpayers were successful in having canceled and annulled the supplemental assessment roll in which the amount of taxes in dispute was involved, hence there was no balance due by them on which to impose attorney's fees.

Further reference to the statute indicates that section 16 provides for the payment of the attorney's commission "when the taxes and penalties are collected." The taxes here meant can only be understood to be those in dispute, as certainly there could be no penalty imposed against a taxpayer from whom had been collected all taxes that were legally due, as was the case with the various tax payers in these suits.

With regard to the other group of suits in the defense of which attorney's fees were deducted, we find that the learned district judge disposed of the matter so tersely and aptly that we will adopt his reasons for doing so as our own. After reciting that the tax debtors had paid taxes on the basis of the $3 per acre assessment, and that the tax collector had withheld from the taxing bodies to which the taxes were due 5 per cent to cover attorney's fees, he says:

"No fees on the taxes based on the assessment of $3 can be allowed the attorney, for that much of the assessment was not in dispute.

"No fees on taxes, based on the contested part of the assessment, amounting to $1.25 per acre, can be paid at this time, for two reasons. The court has not yet fixed the proper amount of the assessment, and hence it is impossible to tell what taxes still remain due, if any. The second reason is, as already pointed out, that no fees can be paid the tax collector's attorney except from taxes actually collected on a contested assessment, maintained in part or in whole."

As there were no attorney's fees due, the tax collector was without right to deduct them in making his return of taxes to the plaintiffs herein, and the judgment ordering him to pay over to each of them the respective amounts claimed is correct, and it is hereby affirmed.