KESTER, Appellant, *v.* NELSON, Respondent.

(No. 6,908.)

(Submitted March 16, 1932. Decided April 8, 1932.)

[10 Pac. (2d) 379.]

*Mr. W. L. Bullock* and *Mr. D. W. Doyle,* for Appellant, submitted a brief; *Mr. Doyle* argued the cause orally.

*Mr. Louis P. Donovan* and *Mr. Henry McClernan,* for Respondent, submitted a brief; *Mr. Donovan* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by C. H. Kester, as administrator of the estates of C. B. Rinio and Hans Kristofferson, both deceased, against James Nelson to recover the sum of $2,182.44, the balance alleged to be due from Nelson on a sale made to him by plaintiff's intestates of certain meat market equipment, consisting of an Armstrong ammonia plant and other chattels described. After the institution of the action the defendant James Nelson died, and Harvey Nelson, as the executor of his

last will and testament, was substituted as defendant, and appropriate amendments made to the answer.

The complaint is in two counts, designated as a first and a second cause of action. The first count is predicated upon an alleged sale made on May 1, 1928, by the plaintiff's intestates to James Nelson of "meat market equipment consisting of Armstrong ammonia plant, a five horse power electric motor, set of platform scales, two refrigerators, set beam scales, and equipment usual to a meat market including 2 meat blocks, coats and aprons, counter, dishes and knives," for which Nelson agreed to pay the sum of $2,000, of which amount he made payments from time to time aggregating $120, leaving a balance due and owing to plaintiff's intestates of $1,880. The second count alleges an indebtedness of Nelson to the plaintiff's intestates aggregating the sum of $302.44 "for goods, wares and merchandise sold and delivered" by plaintiff's intestates. As to the second count of the complaint, it is eliminated from consideration and is not here involved, due to the fact that the defendant confessed judgment and paid into court the sum of $314.60 to cover the amount admitted to be due from the estate of James Nelson, deceased, together with costs.

As to the first count contained in the complaint, the defendant, by answer, denied generally its averments, and alleged affirmatively that the property described therein was sold to James Nelson for the agreed purchase price of $1,000, and that on or before September, 1929, there had been paid thereon the sum of $120, and that in the month of September, 1929, the contract was abrogated and rescinded, it being agreed in substitution that the ammonia plant, which constituted the principal item of the chattels involved, should be and remain the property of the seller, to be kept and stored by James Nelson until disposed of, and that the sum of $120 paid by James Nelson under the original contract would be accepted by the plaintiff's intestates in full satisfaction for the remainder of the property. Issue was joined by reply, and the cause was tried to a jury, which rendered verdict in

favor of the defendant. Judgment was duly entered upon the verdict, and the cause is now before us on appeal from the judgment.

As reason for a reversal, the plaintiff contends that the evidence does not support the verdict and judgment. The plaintiff urges that the evidence respecting the abrogation of the contract for the purchase of the ammonia plant, consisting of the oral declarations and admissions of deceased persons, parties to the contract, is not sufficient in law to warrant a modification or substitution for the original agreement. He cites and relies exclusively upon the provisions of section 7568 of the Revised Codes of 1921, which provides that "a contract not in writing may be altered in any respect by consent of the parties in writing, without a new consideration, and is extinguished thereby to the extent of the new alteration." But he overlooks other provisions of our Codes permitting the rescission of a contract by consent of the parties. (Id., secs. 7563, 7565, 7567.) It is expressly provided by section 7565 that a contract may be rescinded by consent of the parties, and recognition thereof is given by sections 7563 and 7567.

The right of the parties to an executory contract to terminate it by mutual consent exists independently of any agreement permitting them so to do; and it is immaterial whether such termination be characterized an abandonment, mutual rescission, modification, or waiver. The effect is the same, to discharge the parties from obligations previously assumed. (*Ogg* v. *Herman,* 71 Mont. 10, 227 Pac. 476.)

"Persons competent to contract can as validly agree to rescind a contract already made as they could agree to make it originally. However, as a contract is made by the joint will of two parties, it can be rescinded only by the joint will of the two parties. It is obvious that one of the parties can no more rescind the contract, without the other's express or implied assent, than he alone can make it. But if the parties agree to rescind the contract, and each one gives up the provisions for his benefit, the mutual assent is complete, and the

parties are then competent to make any new contract that may suit them." (6 R. C. L., sec. 304, p. 922.) "Again, a contract need not be rescinded by an express agreement to that effect. If the parties to a contract make a new and independent agreement concerning the same matter, and the terms of the latter are so inconsistent with those of the former that they cannot stand together, the latter may be construed to discharge the former." (Id., sec. 307, p. 923.)

There can be no question but what a contract may be mutually abandoned or modified by the parties at any stage of performance, and each of the parties released from further obligation on account thereof; that it may be accomplished by parol, and the fact of its having been done established by evidence of the acts and declarations of the parties. (*Tompkins* v. *Davidow*, 27 Cal. App. 327, 149 Pac. 788; 6 Cal. Jur., p. 382.)

The modification of the contract of sale or its rescission as respects the ammonia plant was established by the testimony of witnesses as to the oral statements and declarations made by the parties in their lifetime in the presence of witnesses; and while such testimony is not the most satisfactory, yet by reason of necessity it is admissible. (*Escallier* v. *Great Northern Ry. Co.*, 46 Mont. 238, Ann. Cas. 1914B, 468, 127 Pac. 458; *Welch* v. *All Persons*, 78 Mont. 370, 254 Pac. 179; *Marcellus* v. *Wright*, 65 Mont. 580, 212 Pac. 299; *Gray* v. *Grant*, 62 Mont. 452, 206 Pac. 410.)

The evidence presented a question of fact for the jury to decide as to whether the contract of sale was modified or rescinded under proper instructions as to the law. The jury has resolved the question of rescission or modification of the original contract of sale in favor of the defendant, and we see no reason to disturb the verdict. The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Ford, Angstman and Matthews concur.