152 So. 552

## WHITED v. LOUISIANA TAX COMMISSION et al.

### No. 32497.

Jan. 2, 1934.

Robert J. O'Neal, of Shreveport, for appellant tax collector.

Aubrey M. Pyburn, City Atty., of Shreveport, and Gaston L. Porterie, Atty. Gen., for other appellants.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

ODOM, Justice.

Plaintiff owns lots 1 to 10, inclusive, of block 1, South Highlands, in the city of Shreveport, which were assessed to him on the rolls of 1929, 1930, and 1931 at $6,100, the assessments for each of those years being identical. The assessment, including the description of the lots and the valuation, appeared on the rolls under the general heading, "Actual value of all lands, lots or parcels of land and all improvements thereon as assessed by the Louisiana Tax Commission for all assessment purposes."

Plaintiff paid all taxes assessed against the property for those years. In 1932, the assessor filed supplemental assessments for the years 1929, 1930 and 1931 as follows:

**1929**

| Name: | Description of property | |
|---|---|---|
| S. J. B. Whited | Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, Block 1, South Highlands & Improvements | $36,100.00 |
| | Less amount assessed on 1929 roll | 6,100.00 |

**1930**

| S. J. B. Whited | Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, Block 1, South Highlands & Improvements | $36,100.00 |
|---|---|---|
| | Less amount assessed on 1930 roll | 6,100.00 |

**1931**

| S. J. B. Whited | Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, Block 1, South Highlands & Improvements | $36,100.00 |
|---|---|---|
| | Less amount assessed on 1931 roll | 6,100.00 |

Actual value of all lands, lots or parcels of lands, and all improvements thereon as fixed by the Louisiana Tax Commission for all assessment purposes......... $30,000.00

Total assessed value of all of the foregoing property for state and local purposes at 100 per cent actual value $30,000.00

Plaintiff brought the present suit against the assessor, the parish and state tax collector, the tax collector for the city of Shreveport, and the Louisiana tax commission, to have these supplemental assessments canceled and erased from the rolls.

Defendants answered setting up the defense that in the year 1928 the plaintiff, being then the owner of the lots described, caused to be erected thereon improvements of a value in excess of $30,000, which became subject to assessment and taxation for the first time on January 1, 1929; that plaintiff "did not make any rendition of his property for the years 1929, 1930 and 1931, whereupon the assessing authorities assessed the lots described in plaintiff's petition for said years at the sum of Sixty One Hundred ($6,100.00) Dollars, but through error and inadvertence, did not include in the valuation of said property the improvements situated on said lots, which improvements for said years had a value for assessment purposes of the sum of Thirty Thousand ($30,000.00) Dollars."

Under these circumstances, it is contended that the supplemental assessments are valid, and that plaintiff's demands should be rejected. There was judgment in favor of plaintiff as prayed for and defendants prosecute this appeal.

(1) The judgment is correct and must be affirmed. It is true, as counsel for defendants say, that, "if any tract or lot of land or other property shall be omitted in the assessment of any year or series of years," the same, when the error is discovered, may be placed upon the roll by supplemental assessment, provided that no back taxes for more than three years shall be assessed against the property. Section 12, Act No. 170 of 1898. But that is not the point here involved. The question is whether the assessor, in assessing lots, parcels of ground, and lands, who fails to take into consideration the improvements thereon in fixing the value of the real estate, can, later on, supplement the rolls so as to include the value of the improvements.

The supplemental rolls filed by the assessor show that plaintiff's real estate, that is, the lots, was assessed for the years 1929, 1930, and 1931, the property being valued at $6,100. These supplemental rolls show a total valuation of the property as enhanced by the improvements, of $36,100, and credit is given for the value of the lots as originally assessed. So it is clear that what the assessor attempted to do was either to assess the improvements separate from the ground on which they are built, or to reassess the real estate according to its value as enhanced by the improvements, because it was undervalued originally. Neither is permissible under the law.

The method of making assessments in this state by tax assessors is prescribed by Act No. 170 of 1898. Under that act, lands or lots, together with the improvements thereon, must be valued as a whole. The improvements, which are immovable by nature, cannot be assessed separately from the land. Section 17 of that act provides that:

"The assessor, in assessing lands and lots shall take into consideration the enhanced value of the same arising from the buildings and improvements thereon, such as residences, barns, cribs, sugar mills, rice mills, gin houses, cabins and machinery."

That section of the act further provides that the assessors shall, in addition to stating the value of lands and lots as enhanced by the improvements, *"make a statement"* showing the actual cash value of "lands or lots. The actual cash value of improvements thereon. The actual cash value of machinery thereon, the actual cash value of implements thereon." (Italics ours.)

Following this provision requiring the assessor to give data showing the actual cash value of the improvements is a paragraph explanatory of the purpose for which such information is required. It reads:

"The true intent and object of this provision being for the purpose of gathering information and not especially for assessment for purposes of taxation."

In other words, this data is for statistical purposes.

In Comegys v. Louisiana Tax Commission, 15 La. App. 171, 130 So. 654, 656, the Court of Appeal, Second Circuit, said:

"In assessing lands and lots, assessors are directed to take into consideration 'the enhanced value of the same arising from the buildings and improvements thereon.' In other words, the assessor, in assessing an improved lot, shall assess the lot and the buildings thereon as a whole, that is, as one item or piece of real estate, and shall place a value thereon not exceeding the actual cash

value of the lot as improved by the buildings."

That is a correct statement of the law.

The act itself defines the term "real estate" in section 91, par. 1 of which reads as follows:

"The term 'real estate' shall be held to mean and include not only land, city, town and village lots, but all things thereunto pertaining, and all structures and other things so annexed and attached thereto, as to pass to the vendee by the conveyance of the land 'or lot."

Buildings and other constructions, "whether they have their foundations in the soil or not, are immovable by their nature" (Civ. Code, art. 464) and are "real estate," as that term is used in Act No. 170 of 1898, and in the Civil Code. A sale of lots or lands carries with it whatever is attached thereto as an immovable by nature. No one would dispute this. The buildings in this case are part and parcel of the realty assessed to plaintiff on the rolls of 1929, 1930, and 1931, and are legally inseparable from the lots for assessment purposes, under the act of 1898. The assessment of lots and lands includes, under the law, all improvements thereon, and the value placed upon the lots or lands by the assessor necessarily includes the value of the improvements.

The case at bar is not distinguishable in principle from that of Delta Land & Timber Co. v. Police Jury et al., 169 La. 537, 125 So. 585, 586. In that case, suit was brought to cancel a supplemental assessment of timber growing on 3,700 acres of land, the timber being owned by the owner of the land. The owner of the land, a large tract, had render-

ed it for assessment as "denuded," whereas a portion of it had valuable timber growing upon it which had not been taken into consideration by the assessor in fixing the value of the land. The proposition on which the plaintiff based his demand to have the supplemental assessment canceled was that, as a matter of law, the assessment of the land on prior rolls "included, necessarily and without mention thereof, the timber growing on the land."

The court sustained plaintiff's contention and ordered the so-called supplemental assessment canceled. It was pointed out that the authority of the assessor to make supplemental assessments of property for taxes is section 12, Act No. 170 of 1898, which, said the court, "is limited to property that was *omitted* from the assessment roll, or erroneously assessed," and it was held that the timber "was neither omitted from the assessment rolls of those years nor erroneously assessed. (Italics ours.) The timber was not omitted, because it was necessarily included, without mention thereof, in the assessment of the land on which the timber was growing or standing; and it was not erroneously assessed, because the only correct way to assess forest timber is to include its value in the assessment of the land on which it grows or stands."

 The buildings on plaintiff's lots in the case at bar, being immovables by nature, were as much a part of the realty as were the trees growing on plaintiff's land in the above-cited case. So that, for the purposes of the present case, we may paraphrase the language used in that case and say that the buildings were neither omitted from the rolls of former years nor were they erroneously assessed. They were not omitted because they were necessarily included, without mention of them, in the assessment of the lots on which they were built. They were not erroneously assessed because the only correct method of assessing immovables by nature is to include their value in the assessment of the lots or lands on which they are built.

The judgment is affirmed.

BRUNOT, J., dissents.