## WHITNEY NAT. BANK OF NEW ORLEANS v. SOCOLA RICE MILL CO.*

### No. 15015.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Milling, Godchaux, Saal & Milling and M. Truman Woodward, Jr., all of New Orleans, for appellant.

Edward M. Robbert and Henry Curtis, both of New Orleans, for appellee.

*Rehearing denied March 18, 1935.

WESTERFIELD, Judge.

The Whitney National Bank foreclosed a mortgage which it held on the property of the Socola Rice Mill Company and became the adjudicatee at the sheriff's sale which it provoked. The city of New Orleans notified the civil sheriff to retain out of the proceeds of the sale $2,334.68 for taxes admittedly due it and, in addition, $799.42 for taxes which are the subject of contention in this proceeding. From a judgment maintaining the assessment, the bank has appealed to this court.

The tax in question is claimed by the city as being due for the years 1932 and 1933 under a supplemental assessment of the real property of the Socola Rice Mill of $15,000 for the year 1932, and of $18,000 for 1933. It appears that during the years 1932 and 1933 the real estate of the Socola Rice Mill was assessed for $45,000, and the machinery of the mill assessed as personal property on the personal tax rolls for $15,000 and $18,000, respectively. The city, apparently realizing that the insolvency of the tax debtor would result in the loss of its personal tax, and discovering its error in classifying machinery as personal property instead of with the real estate as immovable by destination, filed the supplemental roll in order to protect itself in the collection of those taxes.

Section 12 of Act No. 170 of 1898 reads:

"That if any tract or lot of land or other property shall be omitted in the assessment of any year or series of years, or in any way erroneously assessed, the same, when discovered, shall be assessed by the assessor or tax collector for the whole period for which the same may have been omitted [or] improperly assessed, and shall be subject to the State, parish and municipal taxes which have been or may hereafter be assessed against said property in accordance with law. * * * *".

The action of the city in making the supplemental assessment is contested upon the ground that the assessment in this case was of property which could not be said to have been omitted from the assessment rolls or erroneously assessed. The real estate of the rice mill was assessed for $45,000, and it is said the failure to include with the real estate the machinery which was immovable by destination does not involve an omission because the real estate was not omitted from the roll and does not constitute an erroneous assessment because the only correct method of assessing immovables by destination is to include their value in the assessment of the land on which they are erected, and presumably that was done here by valuing the real estate at $45,000.

We are referred to two cases in support of this argument. Delta Land & Timber Co. v. Police Jury, 169 La. 537, 125 So. 585, 586, and Whited v. La. Tax Commission, 178 La. 877, 152 So. 552, 554. The first of the cited cases involved a suit for the cancellation of a supplemental assessment of timber on 3,700 acres of land. The land, it appears, had been assessed on the basis of denuded pine land; whereas it was apparently heavily timbered, since the supplemental roll subsequently filed valued the timber at $40,125. The supplemental assessment was held invalid, the court saying:

"The authority of an assessor to make a supplemental assessment of property for taxes, under section 12 of Act No. 170 of 1898, p. 353, is limited to property that was omitted from the assessment roll, or erroneously assessed. The timber which the assessor put on the so-called supplemental rolls for the years 1925, 1926, 1927, and 1928 was neither omitted from the assessment rolls of those years nor erroneously assessed. The timber was not omitted, because it was necessarily included, without mention thereof, in the assessment of the land on which the timber was growing or standing; and it was not erroneously assessed, because the only correct way to assess forest timber is to include its value in the assessment of the land on which it grows or stands."

In the second case certain city lots in Shreveport were involved. The lots were improved and the tax collector did not at once discover the improvements, but, when he did, he attempted to assess the improvements for the three previous years by a supplemental assessment of the real estate. In holding that assessment invalid, the court said:

"The buildings on plaintiff's lots in the case at bar, being immovables by nature, were as much a part of the realty as were the trees growing on plaintiff's land in the above-cited case [Delta Land & Timber Co. v. Police Jury, 169 La. 537, 125 So. 585]. So that, for the purposes of the present case, we may paraphrase the language used in that case and say that the buildings were neither omitted from the rolls of former years nor were they erroneously assessed. They were not omitted because they were necessarily included, without mention of them, in the assessment of the lots on which they were built. They were not erroneously assessed because the only correct method of assessing immovables by nature is to include their value in the assessment of the lots or lands on which they are built."

In our opinion neither of the cited cases is controlling here. In the Delta Case the tim-

ber which should have been assessed with the land was not omitted from the rolls because, in assessing the land, the timber was, in legal contemplation, included in the original assessment, and it was not erroneously assessed because it was not assessed at all, and the same might be said of the Shreveport city lots.

In the instant case the property assessed by the supplemental roll was not omitted from the original assessment, but it was erroneously assessed as personal property on the personal tax roll. The supplemental assessment did not increase the valuation of the taxpayer's property; it simply changed its classification by correcting an error of the assessor which, under express authority of law, was permissible.

We are of opinion that the action of the judge a quo, in maintaining the validity of the assessment and in discharging plaintiff's rule, was correct. Consequently, for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.