### WHITNEY NAT. BANK OF NEW ORLEANS v. SOCOLA RICE MILL CO.

#### No. 33404.

#### July 1, 1935.

Milling, Godchaux, Saal & Milling and M. Truman Woodward, Jr., all of New Orleans, for relator.

E. M. Robbert, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for respondent.

ROGERS, Justice.

The Whitney National Bank of New Orleans foreclosed a mortgage on property of the Socola Rice Mill Company and became the purchaser at the sheriff's sale. The property was assessed on the real estate tax rolls of the city of New Orleans for $45,000 for each of the years 1932 and 1933, and the machinery in the mill was also assessed on the personal tax rolls of the municipality for $15,000 for the former year, and for $18,000 for the latter year. On the day the sale under the foreclosure proceeding took place, the board of assessors for the parish of Orleans filed supplemental rolls for the years 1932 and 1933, increasing the valuation of the real estate by $15,000 for the year 1932, and by $18,000 for the year 1933, and the city of New Orleans notified the sheriff to retain out of the proceeds of the sale the

sum of $799.42 to cover the taxes due for both years on the assessed value of the machinery. Alleging the illegality of the supplemental assessments, the Whitney National Bank proceeded by rule against the city of New Orleans and the sheriff to have the assessments annulled and the amount retained by the sheriff paid to mover in partial satisfaction of the writ. On the trial of the rule, judgment was rendered in favor of the defendant, and the judgment was affirmed by the Court of Appeal. The case comes before us on a writ of review from the judgment of the Court of Appeal.

In assessing the property of the Socola Rice Mill Company for the year 1932, the assessors valued the land at $25,000, the buildings thereon at $20,000, and the machinery contained in the buildings at $15,-000. For the year 1933, the land was valued at $25,000, the buildings at $20,000, and the machinery at $18,000. Overlooking the legal fiction which made the machinery used in operating the plant immovable by destination, the assessors erroneously listed the machinery as personal property. The purpose of the assessors in filing the supplemental rolls for the years 1932 and 1933 listing the machinery as immovable by destination was to correct the error when it was discovered. They claim they were authorized to do this by section 12 of Act No. 170 of 1898. The statutory provision which they invoke reads as follows, viz.:

"That if any tract or lot of land or other property shall be omitted in the assessment of any year or series of years, or in any way erroneously assessed, the same, when discovered, shall be assessed by the assessor or tax collector for the whole period for which the same may have been omitted or improperly assessed, and shall be subject to the State, parish and municipal taxes which have been or may hereafter be assessed against said property in accordance with law; provided, no back taxes for more than three years shall be assessed against said property; and provided further, that such assessment shall appear upon a supplemental roll and be filed in the manner as regular tax rolls. * * *"

Relator contends that the statutory provision is inapplicable, because the machinery in question was neither omitted from the assessment rolls, nor erroneously assessed. Relator argues, in support of its contention, that the machinery, being immovable by destination, was necessarily included in the assessment of $45,000, for real estate appearing on the rolls for each of the years 1932 and 1933. And in support of its argument, relator cites the cases of Delta Land & Timber Co. v. Police Jury, 169 La. 537, 125 So. 585, and Whited v. La. Tax Commission, 178 La., 877, 152 So. 552. But neither of the cited cases is controlling of the issue presented here.

In the Delta Land & Timber Co. Case, the suit was for the cancellation of a supplemental assessment of timber standing

on land which had been previously assessed as denuded pine land. This court, in deciding the case, held that there was no authority in law for the assessor to make the supplemental assessment of the timber. That the assessor's authority, under section 12 of Act No. 170 of 1898, was limited to property that was omitted from the roll or erroneously assessed. That the timber in question was not omitted from the rolls, because it was necessarily included in the assessment of the land on which it was growing or standing; and it was not erroneously assessed, because the only correct way to assess forest timber is to include its value in the assessment of the land on which it grows or stands.

The Whited Case involved certain lots in the city of Shreveport. The assessor, in fixing the value of the realty, failed to take into consideration the improvements. Later, he attempted to do so by filing supplemental rolls predicated on the enhanced value of the property. This court held that the supplemental assessments were invalid; that where an assessor in assessing lands failed to consider the improvements thereon in fixing the value of the realty, he could not thereafter supplement the rolls so as to include the value of the improvements.

In the cited cases, the assessors attempted to increase the assessments by supplemental rolls, merely because, through ignorance of the facts, they had undervalued the property assessed. In this case, no undervaluation of the assessed property is involved. The assessors were not ignorant of the facts. The machinery was contained in the plant of the Socola Rice Mill Company. The assessors knew it was there, and they duly assessed it. The mistake they made was in noting the assessments on the personal tax rolls instead of on the real estate tax rolls. By means of the supplemental rolls they undertook to rectify their mistake. We think they were authorized to do this under the provisions of section 12 of Act No. 170 of 1898. No increase in the valuation of the taxpayer's property resulted from the supplemental rolls. Those rolls listed the machinery as immovable property at the same assessments as those at which the machinery had been listed as personal property. The supplemental rolls merely set forth the real situation, and were prepared and filed to correct a palpable error.

For the reasons assigned, the judgment of the Court of Appeal herein under review is affirmed at the relator's costs.