HILYARD, Appellant, v. ENGEL et al., Respondents.

No. 8873

Submitted February 28, 1949. Decided June 29, 1949.

209 Pac. (2d) 895

Mr. Oliver Phillips, Libby, and Mr. T. H. MacDonald, Kalispell, for appellant. Mr. MacDonald argued orally.

Messrs. Rognlien and Murray, and Mr. James B. O'Flynn, all of Kalispell, for respondent. Mr. O'Flynn argued orally.

MR. JUSTICE ANGSTMAN:

This is an action to quiet title to the timber on a quarter section of described land in Lincoln county. The controversy is between plaintiff and defendant Wallace Monk, each of whom claims the timber. The court found in favor of defendant Monk and plaintiff has appealed from the judgment.

The facts are not in dispute. The outcome depends upon the law applicable to the admitted facts. The salient facts are these: On May 17, 1910, Peter Calder, the then owner of the land and timber, conveyed the timber to Fred Engel by an instrument in writing, duly acknowledged, the granting clause of which was as follows: "That the said party of the first part * * * does by these presents grant, bargain, sell, convey and confirm unto the said party of the second part, and to him, his heirs and assigns forever, all the timber of every kind, nature and description, seven (7) inches and over in diameter at the top, situate, lying or being on the following described lands in the County of Lincoln, * * * [here follows legal description of the lands]

"And the said party of the first part hereby sells, grants and conveys to the said party of the second part, his heirs and assigns, the right to go in and upon said land and each and every part thereof at any and all times during a term of twenty (20) years from and after this date and cut, skid, haul, take and carry away any and all of said timber, and make, construct, operate and maintain logways, skidways, logging roads, logging camps, logging railways and telephone lines thereon wherever desired, and log timber from adjacent lands, over and across the same.

"At the termination of this contract all timber remaining on said land reverts to the grantor, his heirs or assigns."

On November 21, 1916, by an addendum to the foregoing instrument Calder extended the time to Engel for another twenty years, which addendum so far as material was as follows:

"I, Peter H. Calder, * * * do hereby give as an extension of

time the said Fred Engel a period of twenty years more from and after the 17th day of May, A. D., 1930, in which to remove all of the within named timber and as set forth and described in the within named contract; and it is hereby understood and agreed that the said Fred Engel shall have up to and including the 17th day of May, A. D., 1950, in which to remove the said timber in the manner as mentioned and described in the within contract and remove the same from the land described in the within mentioned contract. Engel has to pay taxes on the land.''

On March 5, 1918, Engel transferred all of his rights under the contract of May 17, 1910, and the addendum of November 21, 1916, to Andrew N. Sundvold of Froid, Montana.

Pursuant to practice and custom the timber was assessed for taxes separately from the land. This is permissible and proper, 51 Am. Jur., Taxation, sec. 440, p. 456; Brown v. Hodge-Hunt Lumber Co., 162 La. 635, 110 So. 886; Huffman v. Henderson Co., 184 Ark. 278, 42 S. W. (2d) 221; Globe Lumber Co. v. Lockett, 106 La. 414, 30 So. 902; Fox v. Pearl River Lumber Co., 80 Miss. 1, 31 So. 583, since a property right in standing timber may be held separately from the land, 34 Am. Jur., Logs & Timber, sec. 6, p. 495; 54 C. J. S., Logs and Logging, sec. 10, page 686; Hollensteiner v. Missoula Lumber Co., 37 Mont. 278, 96 Pac. 420; and compare Northern Pac. Ry. Co. v. Musselshell County, 54 Mont. 96, 169 Pac. 53, although there is authority to the contrary. Schmidt v. Town of Almon, 181 Wis. 244, 194 N. W. 168.

The timber assessments were allowed to go delinquent in 1928 and the county attempted to obtain title to the timber through tax title proceedings, the validity of which is one of the points involved in this controversy. At this point it is sufficient to say that on January 12, 1934, the county treasurer issued to Lincoln county a tax deed covering the timber on the land described.

On October 23, 1945, Lincoln county gave a quitclaim deed to plaintiff covering the described land together with ''all the tenements, hereditaments and appurtenances thereunto belonging, and the reversion and reversions, remainder and remainders,

rents, issues and profits thereof; and also all the estate, right, title, interest, property, possessions, claim and demand whatsoever, as well in law as in equity, of the said party of the first part of, in or to the said premises, and every part and parcel thereof.''

On October 6, 1937, Peter H. Calder gave a mortgage on the land involved to Claude C. Harris, subject to timber deeds. It was subsequently foreclosed and the sheriff's deed executed on September 24, 1940, ran to Harris. On September 8, 1945, Harris conveyed the land to plaintiff Hilyard. Defendant Monk came into the picture on February 19, 1947, by obtaining on that date an assignment from Andrew N. Sundvold of all his rights under the contract of May 17, 1910, and the addendum of November 21, 1916.

This action was commenced on January 25, 1947, in which Fred Engel, Andrew N. Sundvold, Lincoln county, Claude C. Harris, James Jorgensen, Jr., the administrator of the estate of Peter H. Calder, deceased, and the heirs of Peter Calder, deceased, and all unknown parties claiming an interest in the timber were made defendants. On January 25 lis pendens was filed. Summons was served upon Lincoln county, Claude C. Harris, James Jorgensen, Jr., and Andrew N. Sundvold and their defaults duly entered on March 5, 1947.

The other defendants were served by publication of summons. On April 7, 1947, defendant Wallace Monk filed a petition to intervene. On April 28th he moved that the default against Andrew N. Sundvold be set aside and that he be substituted as defendant in the place of Andrew N. Sundvold. On May 1st the default of the other defendants served by publication was entered.

On May 26th Monk's motion to intervene was denied and the motion to set aside the default of Andrew N. Sundvold and to substitute Wallace Monk in his stead was granted. The jurisdiction of the court to make this order was attempted to be reviewed by certiorari but this court dismissed the application, holding that the district court had jurisdiction to make' the

order. State ex rel. Hilyard v. District Court, 120 Mont. 242, 184 Pac. (2d) 997.

Such other facts as we deem of importance will be noted in connection with the discussion of the legal problem to which they relate.

The first assignment of error questions the propriety of the court's order setting aside the default of Sundvold and substituting Monk as defendant in his place. This was a matter resting in the discretion of the court and we think that discretion was not abused here, keeping in mind as we must that this court is committed to the policy of giving litigants a trial on the merits. Reynolds v. Gladys Belle Oil Co., 75 Mont. 332, 243 Pac. 576; Lindsey v. Drs. Keenan, Andrews & Allred, 118 Mont. 312, 165 Pac. (2d) 804, 163 A. L. R. 487.

Many other assignments of error are made, some of which if sustained would not affect the outcome of the action. No useful purpose would be subserved in discussing each of the assignments separately. Collectively they add up to two contentions, viz.: That the court erred in finding title to the timber in defendant Monk and in not finding that plaintiff is the owner thereof. It should be noted that there is no controversy as to the ownership of the land. Concededly it belongs to plaintiff.

We shall first consider whether the decree quieting title to the timber in defendant can stand. We recognize the rule that plaintiff is entitled to prevail if at all only on the strength of her own title and not on the weakness of that of her adversary. Smith v. Whitney, 105 Mont. 523, 74 Pac. (2d) 450; Borgeson v. Tubb, 54 Mont. 557, 172 Pac. 326.

Here the issue between the parties is which of the two has acquired the timber rights formerly held by Peter Calder, and which had passed by successive assignments to Andrew N. Sundvold. If Monk has not the timber rights then obviously plaintiff as the owner of the land has them. No one else is claiming them.

Defendant claims the rights of Sundvold by virtue of an assignment dated February 19, 1947. If Sundvold had no rights at that time then obviously defendant acquired none. Plaintiff

contends first, that Sundvold had no rights at that time because they had been lost by tax title proceedings. Defendant contends that Sundvold did not lose his rights by the tax title proceedings because the proof of service of notice of application for tax deed given in December 1933 did not show whether the timber rights were occupied or whether notice was served on the occupant.

In the view that we take of the case it is unnecessary to pass upon the question of the validity of the tax title. Plaintiff pleaded in the reply that defendant Monk and his predecessors in interest have been guilty of laches and unreasonable delay in asserting their interest to the timber and that they have forfeited and abandoned all rights to the timber.

We think the court erred in not sustaining plaintiff's contention that defendant Monk's predecessor in interest had abandoned his rights to the timber before making the assignment to defendant Monk. As above noted, one of the obligations assumed by Engel for the extension of time to remove the timber was that he pay taxes on the land. When Engel transferred his rights to Sundvold that obligation was assumed by Sundvold. Sundvold failed to pay the taxes on the timber since 1928. The record does not show who paid the taxes on the land but it would be a violent assumption to assume that he did so when he so consistently and continuously failed to pay the taxes on the timber. He allowed the timber rights to be sold for delinquent taxes. He made no offer to redeem though notice of application for tax deed was regularly served upon him on September 23, 1933. In 1946 the county treasurer wrote into the assessment book opposite the timber assessment against Mr. Sundvold the following: "A note from Mr. Sundvold says this now belongs to Margaret Hilyard." The county treasurer who made this notation said she did so upon receipt of a letter from Mr. Sundvold in response to a tax notice which she had sent to Mr. Sundvold. These circumstances which stand admitted in the record show that Sundvold had abandoned his rights in the timber and under the timber contract long before Mr. Monk obtained the

assignment from him. The primary element of abandonment is the intention to abandon. 1 Am. Jur., Abandonment, sec. 8, p. 6.

"The intent to abandon may be shown by the declarations or conduct of the party who it is claimed abandoned the right." 1 Am. Jur., Abandonment, sec. 12, p. 9. And see Kester v. Nelson, 92 Mont. 69, 10 Pac. (2d) 379; 54 C. J. S., Logs & Logging, sec. 24, page 718, and Bennett v. Interstate Cooperage Co., 89 W. Va. 286, 109 S. E. 748.

If the timber rights had not reverted to Calder at the time he gave the mortgage to Mr. Harris, they certainly reverted to Mr. Harris before he conveyed to Mrs. Hilyard or to Mrs. Hilyard before Sundvold assigned to Monk. Obviously Mr. Monk acquired no greater rights than Mr. Sundvold had when he purported to assign to Mr. Monk.

This action was commenced January 25, 1947. Lis pendens was filed on the same day. Sundvold was served wuth summons on February 10th. He failed to respond to the summons and his default was entered on March 5th. Monk bought in on February 19, 1947, while the action was pending and with constructive notice of its pendency.

The judgment is reversed and the cause remanded with directions to enter decree quieting title to the timber in plaintiff.

Mr. Chief Justice Adair and Associate Justices Freebourn, Metcalf and Bottomly, concur.

Rehearing denied October 6, 1949.