BARRY, Judge.
Assessor Erroll G. Williams appeals a summary judgment which voids three supplemental property tax assessments for the years 1985, 1986 and 1987.
FACTS
In 1984 Park Esplanade Limited Partnership purchased a 443 unit apartment complex for $20,000,000. Mr. Henry O’Connor, Jr., closing notary, furnished a copy of the sale to William P. Hickey, the assessor.
Mr. Hickey raised the 1984 assessment of $469,880 to $570,000 for 1985, 1986 and 1987 based on a value of $5,700,000. The Department of Finance issued tax bills which were timely paid.
Erroll Williams succeeded Mr. Hickey, who died. By letter dated October 7, 1988, Mr. Williams advised Park Esplanade that the 1985, 1986 and 1987 assessments were increased to $2,000,000 for each year based on the $20,000,000 sale price. Park Esplanade furnished Mr. Williams with financial data and he adjusted the 1986 supplemental assessment to $1,488,890 and the 1987 supplemental assessment to $1,319,900.
The trial court found that the 1985 supplemental assessment had prescribed and that Mr. Williams had no statutory authority to impose supplemental assessments for 1986 and 1987. Summary judgment was granted. Mr. Williams appeals.
VALIDITY OF SUPPLEMENTAL ASSESSMENTS
Mr. Williams claims that La.R.S. 47:1966 gives him the authority to supple-mentally assess the property because it was “grossly underassessed”.
R.S. 47:1966 provides in pertinent part:
If any tract or lot of land or other property shall be omitted in the assessment of any year or series of years, or in any way erroneously assessed, it, when *1030 discovered, shall be assessed by the assessor or tax collector for the whole period during which the property may have been omitted or improperly assessed, and shall be subject to the state, parish, municipal, and levee taxes, which have been or may hereafter be assessed against the property in accordance with law. No back taxes for more than three years shall be assessed against omitted or improperly assessed property....
Mr. Williams states that he is required to value property at fair market value and the purchase price is a constitutionally mandated relevant criterion to determine fair market value. La. Const. Art. 7 § 18(A); La. R.S. 47:1957(B); La.R.S. 47:1958; La.R.S. 47:2321. Mr. Williams argues that R.S. 47:1966 requires him to supplementally assess the property to reflect its fair market value.
R.S. 47:1966 is titled “Listing and Assessing of Omitted Property.” It provides for retroactive assessment of property omitted or “in any way erroneously assessed.”
Park Esplanade’s property was not omitted; rather, it was valued below the purchase price. The purchase price is not the exclusive or sole basis on which to establish a value for assessment purposes. At issue is whether an alleged underassessment constitutes an “erroneous assessment” subject to correction.
A supplemental tax roll may not be issued to correct an assessment merely because an assessor determines that the original assessment undervalued the property. Whitney National Bank of New Orleans v. Socola Rice Mill Company, 182 La. 879, 162 So. 651 (1935). Valuation of property is a discretionary function of an assessor. An error of judgment is not an “erroneous” assessment. Flournoy v. First National Bank of Shreveport, 197 La. 1067, 3 So.2d 244, 252, 253 (1941).
Mr. O’Connor, the closing Notary, furnished an affidavit which states that he and Mr. Hickey discussed the value of Park Esplanade immediately after the sale. The assessor, on his own volition, set the assessment for 1985, and maintained the same assessment for 1986 and 1987.
The record convinces us that Mr. Hickey made an informed, considered decision that Park Esplanade should be appraised lower than the purchase price. An assessor has no authority to correct an original underassessment or error in judgment. Mr. Williams does not allege that Mr. Hickey did not have all pertinent information about the property. It appears that the meeting between Mr. O’Connor and Mr. Hickey resulted in a negotiated assessment. Mr. Hickey may have intentionally “undervalued” the property, or he may have made the same error three times. But it is undisputed that Mr. Hickey had the authority to set what he considered to be the fair market value. The fact that the assessments were below the purchase price does not, ipso facto, amount to “erroneous” assessments. The burden of proof is on the assessor to prove an erroneous assessment. An erroneous assessment does not refer to a judgment call by the assessor. Flournoy, supra.
We have noted R.S. 47:1990 which authorizes the Tax Commission to change or correct an assessment “at any time before the taxes levied have actually been paid.”
It is undisputed that Park Esplanade paid its 1985, 1986 and 1987 taxes prior to the contested October 7, 1988 supplemental assessments. If the Tax Commission has no authority to reassess property after the tax is paid, it is axiomatic that the assessor has no authority to issue a supplemental tax.
We pretermit whether the 1985 supplemental assessment has prescribed.
We amend the lower court judgment to hold that Park Esplanade’s supplemental assessments for 1985, 1986 and 1987 are contrary to law and are void.
AMENDED; AFFIRMED.